■ RICHARD A. EATS et al., Doing Business as ENVIRONMENTAL DESIGN PARTNERSHIP, Respondents-Appellants, v PATRICK ELLSWORTH, Defendant, and JAMES S. ELLSWORTH et al., Appellants-Respondents.—Mahoney, P. J. Cross appeals from an order of the County Court of Saratoga County (Williams, J.), entered May 11, 1989, which denied motions by plaintiffs and defendants James S. Ellsworth and Ruth E. Ellsworth for summary judgment.

Defendants James S. Ellsworth and Ruth E. Ellsworth orally agreed to sell approximately 10 acres of land in the Town of Halfmoon, Saratoga County, to their son, defendant Patrick Ellsworth.* The sale was conditioned upon defendants' son obtaining approval of a planned residential unit development for the subject property. Plaintiffs were retained to perform site development studies. Subsequent to inspecting the site, gathering information concerning the availability of sewer and water facilities and inquiring about compliance with the town's zoning ordinance, plaintiffs submitted a written contractual offer to defendants' son, which he signed.

While plaintiffs were engaged in performing functions related to the contract, defendants' son was arrested and convicted of a crime. He is presently imprisoned in a Federal penitentiary. When plaintiffs became aware of defendants' son's predicament, plaintiffs addressed a statement of account to the "Ellsworth Family" demanding payment for services rendered. When defendants failed to respond to their demand, plaintiffs commenced this action against defendants and their son alleging causes of action for breach of contract, account stated and unjust enrichment. After answering, defendants

---

* Since Patrick Ellsworth has not appeared in this action, only James S. Ellsworth and Ruth E. Ellsworth shall be referred to as defendants.

moved for summary judgment. Plaintiffs cross-moved for similar relief. County Court denied both motions. All parties appeal.

A party seeking summary judgment must tender evidentiary proof in admissible form sufficient to warrant the court to direct judgment as a matter of law *(see, e.g., Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853). Upon such a showing, the burden shifts to the opposing party to come forward with evidence of a genuine triable issue of fact *(see, e.g., Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). If there is no genuine triable issue of fact, the motion should be granted *(see, e.g., Andre v Pomeroy,* 35 NY2d 361, 364).

Here, defendants have produced evidence clearly establishing that no contract existed between plaintiffs and themselves. The only contract plaintiffs had was with defendants' son, who was the only party, together with plaintiffs, to sign the agreement. This agreement indicates that it was defendants' son, not defendants, who solicited plaintiffs' services to satisfy the condition of his oral contract with defendants. Defendants neither negotiated nor contracted with plaintiffs. Indeed, the affidavit of plaintiff Richard A. Eats confirms that correspondence from plaintiffs was initially sent only to defendants' son, further indicating plaintiffs' recognition that the agreement was with that party only. Any assistance by defendants to plaintiffs concerning work on the property is clearly explained by the agreement that defendants had with their son, so that cooperation with plaintiffs would have been in the best interests of all parties. Contrary to plaintiffs' contentions, this activity simply does not rise to the level necessary for equitable estoppel, especially in light of plaintiffs' billing of only defendants' son, which negates any reliance on defendants' activity which might support defendants' liability. Likewise, there is no basis to impose liability on defendants for an account stated. In the absence of any issues of fact concerning the lack of defendants' liability, defendants' motion for summary judgment dismissing the complaint should be granted.

Order modified, on the law, with costs to defendants James S. Ellsworth and Ruth E. Ellsworth, by reversing so much thereof as denied the motion by said defendants for summary judgment dismissing the complaint; motion granted and complaint dismissed against said defendants; and, as so modified, affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.