(November 18, 1993)

■ THOMAS FARLEY, Respondent, v PROMOVISION VIDEO DISPLAYS CORPORATION et al., Defendants, and EDWARD WEISS, Appellant. [603 NYS2d 476] —Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered on June 17, 1992, which, *inter alia,* denied the appellant's motion pursuant to CPLR 3211 (a) (7) to dismiss the first through fourth causes of action of the plaintiff's complaint as against defendant-appellant Edward Weiss and which granted the plaintiff's cross-motion for partial summary judgment on the plaintiff's second cause of action premised upon an account stated, unanimously modified, on the law, the cross-motion for partial summary judgment denied, and the matter remanded for further proceedings, and except as so modified, affirmed, without costs; and judgment of the same court, entered June 26, 1992, which upon the grant of partial summary judgment in

plaintiff's favor awarded plaintiff $44,414.30 plus interest for a total award of $71,340.46, unanimously reversed, on the law, and the judgment vacated, without costs.

Plaintiff and defendant-appellant Edward Weiss entered into an attorney-client relationship in 1984. In 1987 their relationship ended with defendant allegedly owing plaintiff legal fees. In May of 1987, plaintiff sent defendant-appellant a one page statement of account indicating that he owed plaintiff a total of $44,414.30 for services rendered to him and defendant Promovision Video Displays Corporation between 1985 and 1987. Notwithstanding his receipt of this statement, defendant-appellant refused payment. Plaintiff thereafter commenced the within action seeking to recover fees for legal services rendered "in or about and prior to October of 1985." In his second cause of action, plaintiff alleges an entitlement to recover based upon his rendering and defendant's retention of the aforementioned statement of account. And, indeed, it was upon this account-stated theory that the motion court premised its grant of partial summary judgment to plaintiff, which determination, along with the ensuing judgment in plaintiff's favor, has now been placed before us on appeal. Also at issue is the propriety of the motion court's accompanying denial of the defendant-appellant's motion to dismiss the plaintiff's first four causes of action for failure to state a cause of action pursuant to CPLR 3211 (a) (7).

While we are of the view that the motion court properly denied the defendant-appellant's motion to dismiss, its grant of partial summary judgment to the plaintiff was plainly in error. We cannot agree with the motion court that the defendant-appellant's receipt and retention of the statement at issue was sufficient as a matter of law to signify an acknowledgement of the obligation to render payment. Recovery premised upon an account stated will fail where a dispute about the account can be shown to have existed (*Waldman v Englishtown Sportswear*, 92 AD2d 833, 836). Here, defendant-appellant did not merely retain the statements, but on at least two occasions expressly refused payment of the amounts billed; his refusals are sufficient, under the circumstances here obtaining, to raise a question of fact as to the existence of an underlying dispute as to what, if any, amounts were owed (*see, Santora & McKay v Mazzella*, 182 AD2d 572). We note in this regard that the one page statement upon which plaintiff would premise his recovery appears to reflect a recent precipitous five-fold increase in the amount of plaintiff's monthly retainer and gives no indication as to which of the billed-for

services were performed for defendant-appellant Weiss and which were performed for defendant Promovision. Certainly, defendant-appellant's repeated refusals to pay such a bill cannot be easily reconciled with the conclusion necessary to a recovery upon an account-stated theory, i.e., that the defendant had acknowledged the legitimacy of the debt. The existence of so pronounced a factual issue as to whether the obligation reflected in plaintiff's May 1987 statement was disputed ought to have precluded the grant of plaintiff's motion for summary judgment upon his second cause of action *(see, Kriz v Schum,* 75 NY2d 25, 33; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *175 Check Cashing Corp. v Chubb Pac. Indem. Group,* 95 AD2d 701).

The judgment in the plaintiff's favor was additionally in error for directing the payment of amounts as to which no claim was asserted in the complaint. While the larger part of the $44,414.30 in past due legal fees included in the statement of account upon which the plaintiff's second cause of action is based, pertains to services rendered by the plaintiff since 1986, the complaint, as noted, purports to seek to recover only for professional services performed "in or about and prior to" October 1985. Plainly it was error to countenance the recovery of fees incurred subsequent to 1985 in the absence of any corresponding amendment of the complaint and opportunity by the defendant to answer and obtain additional discovery *(see, Law Firm of Leibowitz, Lasky & Peterson v Sikowitz,* 129 AD2d 774, 775; *Eats v Ellsworth,* 156 AD2d 799, 800; CPLR 3025 [b], [c]; 3212 [f]). Concur—Murphy, P. J., Kassal, Rubin and Nardelli, JJ.