■ MID-ATLANTIC AUTEC, Respondent, v KEELER MOTOR CAR COMPANY, Appellant. [605 NYS2d 447] —Cardona, J. Appeal from an order of the Supreme Court (Conway, J.), entered December 17, 1992 in Albany County, which granted plaintiff's motion for summary judgment.

Defendant is an automobile dealership engaged in the sale and service of new and used automobiles. In preparing automobiles for sale, defendant must degrease, protect, undercoat, polish, buff and generally clean the vehicles. Plaintiff supplies the chemicals and equipment used in this process. It is undisputed that an agreement was made in October 1990 that plaintiff would supply the chemicals and that defendant would pay plaintiff a fee of $38 for each *new* car sold. This fee took into consideration the amount of chemicals used in preparing new and used cars for sale, in cleaning service customer's cars and in cleaning the showroom. The business relationship continued for almost a year until defendant wrote to plaintiff terminating the service effective September 1, 1991. Plaintiff requested payment of liquidated damages as indicated in the written agreement, which required that upon termination "[defendant] agrees to pay for all new and used retail vehicles in inventory * * * and return unused product and equipment". According to a print-out that plaintiff had received from defendant, there were 264 new and used vehicles in inventory. Thus plaintiff claimed liquidated damages at $38 per vehicle for a total of $10,032.

Defendant disputes the validity of the written contract and contends that there existed only an oral contract between the parties, which included no provision for termination or for liquidated damages. Plaintiff contends that a valid written contract was executed by Gordon Ford as "authorized dealer" of defendant.* Defendant argues that the written contract is invalid and unenforceable because Ford had no actual or apparent authority to execute the contract and bind defendant. In addition, defendant argues that even if Ford's signature did bind defendant to the contract, the liquidated damage

---

* A copy of the written contract was submitted by plaintiff in the papers. Defendant claims that it had not seen this written contract before the start of litigation.

clause was punitive in nature. "A party seeking summary judgment must tender evidentiary proof in admissible form sufficient to warrant the court to direct judgment as a matter of law * * * Upon such a showing, the burden shifts to the opposing party to come forward with evidence of a genuine triable issue of fact * * * If there is no genuine triable issue of fact, the motion should be granted" *(Eats v Ellsworth,* 156 AD2d 799, 800 [citations omitted]). The record shows that Ford, as director of defendant's parts and service department, and other management personnel, including defendant's general manager, met with plaintiff's representatives on more than one occasion prior to execution of the written contract to discuss the products and services to be supplied and payment terms. As previously noted, for a period of nearly one year following the execution of the contract defendant adhered to its terms, paying plaintiff $38 per new car sold on which any of plaintiff's products were used. Based upon this record, it was reasonable for plaintiff to rely upon Ford's appearance of authority to enter into the contract on behalf of defendant *(see, Meade v Finger Lakes-Seneca Coop. Ins. Co.,* 184 AD2d 952, 953; *Skyline Agency v Ambrose Coppotelli, Inc.,* 117 AD2d 135, 148). Defendant has failed to come forward with proof in evidentiary form to establish the existence of a triable issue of fact. Therefore, plaintiff's motion for summary judgment was properly granted as to liability on this contract.

We reach a different conclusion on the issue of liquidated damages set forth in the contract's termination clause. "A contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation * * *. If, however, the amount fixed is plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced" *(Truck Rent-A-Ctr. v Puritan Farms 2nd,* 41 NY2d 420, 425 [citations omitted]). Under the contract, plaintiff's damages for termination are determined by a formula established by taking the amount of new *and used* cars in defendant's inventory at the point of termination and multiplying that figure by $38. We find that this liquidated amount bears no reasonable relationship to plaintiff's probable loss because the products used on defendant's used cars (as well as those used to service customers' cars and in the maintenance of the dealership) are already factored into the agreed $38 rate for each new car sold. Thus, the termination clause is not compensatory in nature but rather amounts to a penalty which we cannot enforce *(cf., supra,* at 425).

Accordingly, we remit this matter to Supreme Court for a hearing to determine plaintiff's actual damages sustained as a result of defendant's termination of the agreement.

Mercure, J. P., White, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded plaintiff judgment in the amount of $10,032 plus interest; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.