■ MORRISON COHEN SINGER & WEINSTEIN, L. L. P., Appellant, v JANET L. N. ACKERMAN, Respondent. (And Another Action.) [720 NYS2d 486] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 18, 2000, insofar as it denied plaintiff Morrison Cohen Singer & Weinstein, L. L. P.'s cross motion for summary judgment on its claim for an account stated, unanimously reversed, on the law, with costs, and the cross motion granted. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $142,134.21 with interest from December 27, 1995.

An account stated has long been defined as an " 'account balanced and rendered, with an assent to the balance express or

implied; so that the demand is essentially the same as if a promissory note had been given for the balance' " (*Interman Indus. Prods. v R.S.M. Electron Power*, 37 NY2d 151, 153, quoting *Volkening v De Graaf*, 81 NY 268, 270; *see also, Abbott, Duncan & Wiener v Ragusa*, 214 AD2d 412; *Bernstein v Tisch*, 102 AD2d 778). In *Newburger-Morris Co. v Talcott* (219 NY 505, 512), Judge Cardozo wrote that "the very meaning of an account stated is that the parties have come together and agreed upon the balance of indebtedness, *insimul computassent*, so that an action to recover the balance as upon an implied promise of payment may thenceforth be maintained."

The receipt and retention of an account, without objection, within a reasonable period of time, coupled with an agreement to make partial payment, gives rise to an account stated entitling the moving party to summary judgment in its favor (*Biegen v Paul K. Rooney, P. C.*, 269 AD2d 264, *lv denied* 95 NY2d 761; *Shea & Gould v Burr*, 194 AD2d 369; *Rosenman Colin Freund Lewis & Cohen v Edelman*, 160 AD2d 626, *lv denied* 77 NY2d 802).

In this matter, there is no dispute that defendant signed a retainer agreement in 1995 in which she agreed to pay plaintiff for services rendered, and that plaintiff presented detailed invoices to defendant on a monthly basis for services rendered and expenses incurred on her behalf. Moreover, defendant made a partial payment of $31,000 to plaintiff and in a letter to plaintiff dated February 27, 1996, defendant stated that she fully intended to pay for the law firm's services upon the conclusion of her case. Defendant further acknowledged her debt to the firm in a sworn financial statement she submitted to the court in the Connecticut divorce action.

Defendant's opposition, which consists of self-serving, conclusory and unsubstantiated allegations that she orally objected to the bills are insufficient to defeat plaintiff's motion, especially in light of her deposition testimony in which defendant avers that she made no specific objections of any kind about the invoices, but instead proffered a general complaint that the bills were mounting and that she could not afford to pay them (*see, Shea & Gould v Burr, supra*, at 371; *Warshaw, Burstein, Cohen, Schlesinger & Kuh v Kessner*, 214 AD2d 472). Finally, we disagree with the motion court and find that defendant's legal malpractice claim is not so intertwined with plaintiff's claim for legal fees so as to preclude us from granting plaintiff summary judgment. Indeed, the vast majority, if not all, of the alleged conduct on plaintiff's part, which forms the basis of the malpractice claim, occurred prior to the billing

period covered by the invoices in question. Concur—Sullivan, P. J., Nardelli, Williams, Tom and Friedman, JJ.