■ Morrison Cohen Singer and Weinstein, LLP, Appellant,
v Pricilla Waters, Respondent. [786 NYS2d 155]—

Order, Supreme Court, New York County (Marilyn Shafer, J.),
entered May 13, 2004, which denied plaintiff's motion for sum-
mary judgment on a theory of account stated, unanimously re-
versed, on the law, without costs, and the motion granted. The
Clerk is directed to enter judgment in favor of plaintiff in the
amount of $40,399.24, with statutory interest from March 12,
2003.

Defendant retained plaintiff law firm to render services with
regard to child custody and visitation as a related divorce action
was being litigated in England. The firm rendered a June 2002
invoice for preretainer consultation fees which defendant paid.
The firm thereafter rendered five monthly invoices, from
October 2002 through February 2003, in a total amount of
$40,000. Defendant neither paid nor informed plaintiff of any
specific objection to the services rendered. In March 2003, the
firm wrote to defendant requesting payment, referring to prior
invoices and threatening "such action as is necessary." In June
2003 the law firm commenced the present action to collect its
unpaid fee, alleging that defendant had failed to avail herself of
the opportunity to engage in fee dispute arbitration. The firm
sought recovery for breach of the retainer agreement, as well as
on theories of account stated and quantum meruit. It was only
in her September 2003 answer to the instant proceeding that
she alleged that the claimed fees were not "justly due," and

only months later in opposition to a summary judgment motion when defendant actually specified objections to the billed amounts. The IAS court denied plaintiff's motion, relying upon its understanding that our precedent required plaintiff to establish both retention of bills and partial payment for an account stated to arise, and finding that plaintiff's proof of partial payment was insufficient.

To the extent that the IAS court relied on *Morrison Cohen Singer & Weinstein v Ackerman* (280 AD2d 355, 356 [2001]), such a reading of the requirements for an action on an account stated was in error. The rule to which we have adhered and which we now reiterate is that either retention of bills without objection or partial payment may give rise to an account stated (*see M&R Constr. Corp. v IDI Constr. Co.*, 4 AD3d 130 [2004]; *Rosenberg Selsman Rosenzweig & Co., L.L.P. v Slutsker*, 278 AD2d 145 [2000]; *Chisholm-Ryder Co. v Sommer & Sommer*, 70 AD2d 429, 431 [1979]).

In the instant case, plaintiff's invoices were retained without any objection for a sufficient length of time as a matter of law to establish defendant's liability on the account stated cause of action (*see Spectra Audio Research v 60-86 Madison Ave. Dist. Mgt. Assn.*, 267 AD2d 23 [1999], *lv dismissed* 95 NY2d 791 [2000]). Concur—Buckley, P.J., Mazzarelli, Andrias, Williams and Sweeny, JJ.