10-4383-cv
United Capital Funding Corp. v. New York City Dep't of Education, et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of January, two thousand twelve.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED CAPITAL FUNDING CORPORATION,

*Plaintiff-Appellant,*

v.                                                                No. 10-4383-cv

NEW YORK CITY DEPARTMENT OF EDUCATION,

*Defendant-Third-Party-Plaintiff-Counter-Defendant-Appellee,*

WILLIAM DEASE,

*Third-Party-Defendant-Counter-Claimant-Appellee,*

1

RED-E SET GROW P.T.O.T.S.P., LLC,

*Third-Party-Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**      MARIE TOMASSI (Dominic J. Picca and Sara J. Crasson, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., New York, NY, *on the brief*), Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., St. Petersburg, FL

**FOR DEFENDANT-THIRD PARTY PLAINTIFF-COUNTER DEFENDANT-APPELLEE:**      DONA B. MORRIS (Pamela Seider Dolgow, Susan Smollens, and Percival Bailey, *of counsel*), for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

United Capital Funding ("UCF"), a Florida commercial finance company specializing in factoring,[1] filed a complaint for an account stated against the New York City Department of Education ("DOE"), seeking recovery of sums allegedly due for services provided to the DOE by Red-E Set Grow, LLC ("RESG"), a vendor providing special education related services to New York City schoolchildren. In its complaint, UCF alleged that the DOE had failed to remit payment of $1,022,372.50 to it for outstanding invoices for services rendered by RESG. Following a bench trial, the District Court entered judgment in favor of the DOE, principally on the grounds that UCF had failed to prove, by a preponderance of the evidence, that the DOE had agreed that UCF's statement of account was correct. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

---

[1] Factoring is the "buying of accounts receivable at a discount." *Black's Law Dictionary* 671 (9th ed. 2009).

On appeal from a judgment entered after a bench trial, we review the District Court's findings of fact for clear error and its conclusions of law *de novo*. *Amalfitano v. Rosenberg*, 533 F.3d 117, 123 (2d Cir. 2008). In reviewing factual findings for clear error, "we are not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences." *Ceraso v. Motiva Enters.*, 326 F.3d 303, 316 (2d Cir. 2003); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."); *Diesel Props. S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) ("It is within the province of the district court as the trier of fact to decide whose testimony should be credited."). "The obligations of the court as the trier of fact are to determine which of the witnesses it finds credible, which of the permissible competing inferences it will draw, and whether the party having the burden of proof has persuaded it as factfinder that the requisite facts are proven." *Diesel Properties*, 631 F.3d at 52 (quoting *Cifra v. General Electric Co.*, 252 F.3d 205, 215 (2d Cir. 2001)).

## I.

"An account stated is a manifestation of assent by debtor and creditor to a stated sum as an accurate computation of an amount due to the creditor." Restatement (Second) of Contracts § 282(1) (1981); *see also* 1 N.Y. Jur. 2d Accounts & Accounting § 10 (West 2011) (defining "account stated" as "an agreement, express or implied, . . . . independent of [any] underlying agreement, as to the amount due on past transactions."). Under long-settled New York law, which governs in this diversity action, a party who receives an account (that is, a statement that a certain sum is due to another party) is bound to examine it and, if the party agrees that the account is correct, it becomes an "account stated" and is binding on both parties. *See Lockwood v. Thorne*, 11 N.Y. 170, 173-74 (1854); *Interman Indus. Prods., Ltd. v. R.S.M. Electron Power, Inc.*, 37 N.Y.2d 151, 153 (1975) ("Judge Cardozo wrote as follows: 'the very meaning of an account stated is that the parties have come together and agreed upon the balance of indebtedness . . . so that an action to recover the balance as upon an implied promise of payment may thenceforth be maintained.'") (quoting *Newburger-Morris Co. v. Talcott*, 219 N.Y. 505, 512 (1916)).

As a general rule, "an account which has been rendered and to which no objection has been made within a reasonable time should be regarded as admitted by the party charged as prima facie correct." *Gurney, Becker & Bourne, Inc.. v. Benderson Dev. Co.*, 47 N.Y.2d 995, 996 (1979). However, "[r]ecovery premised upon an account stated will fail where a dispute about the account can be shown to have existed." *Farley v. Promovision Video Displays Corp.*, 603 N.Y.S.2d 476, 477 (1st Dep't 1993).

3

## II.

Here, the District Court found that UCF sent the DOE a "statement of account" on February 19, 2009, seeking payment of $1,022,372.50 in fees owed to RESG for services rendered. Although the DOE did not immediately object to the February 19 demand after it was received, the District Court found that this did not amount to an implicit agreement to the account because the DOE had already stated its objections to UCF in an e-mail dated February 3, 2009. In that e-mail, the DOE's chief administrator for vendor research informed UCF that there was "serious doubt regarding the legitimacy of [RESG's] billings," which led the DOE to believe that "money may be due back to the DOE." The e-mail further stated that, "[u]ntil the DOE is confident that no money is owed to it for prior false invoices from [RESG], the account will remain frozen and money withheld in order to protect the City's interests and tax payer dollars."

Before the District Court, and now on appeal, UCF has argued that the objection in the February 3 e-mail was insufficiently specific inasmuch as it did not directly address each of the 3,913 invoices in the allegedly stated account. We are aware of no authority under New York law that requires such extreme specificity. On the contrary, numerous New York decisions have found that an account is not agreed to where the defendant has raised an objection to the plaintiff's billings or the quality of the plaintiff's work. *See Aviation Constructors, Inc. v. Baldassano Architectural Grp., P.C.,* 870 N.Y.S.2d 451, 453 (2d Dep't 2008) ("Since [counter-defendant] objected and reserved its rights to a refund of any amount overbilled, there was no account stated."); *M&A Constr. Corp. v. McTague,* 800 N.Y.S. 2d 235, 237–38 (3d Dep't 2005) (affirming dismissal of account-stated claim where "defendants disputed aspects of the accounts and informed plaintiff that payment was being withheld because certain work had not been completed"); *Herrick, Feinstein LLP v. Stamm,* 746 N.Y.S.2d 712, 714 (1st Dep't 2002) (holding that defendant's statement "that he was 'very troubled by the size of the bills then in hand' was sufficiently specific and timely to negate any inference of assent to the invoices"). This is so even where a general objection precedes the plaintiff's statement of an account. *See Navimex S.A. de C.V. v. S/S "Northern Ice",* 617 F. Supp. 103, 106 (S.D.N.Y. 1984) (holding that a supplementary statement of account dated February 1978 "did not constitute an account stated" because "there was an underlying dispute between the parties as evidenced by defendants' objection in January 1978 to plaintiffs' August 1977 statement of account, thereby precluding a finding of consent by the defendants to the February 1978 statement.").

Upon a thorough review of the record, and in light of the foregoing authority, we hold that the District Court did not clearly err in finding that the February 3 e-mail raised an objection to the account going forward, so that the DOE did not implicitly agree to UCF's subsequent February 19 statement of account. Indeed, the February 3 e-mail refers to RESG's "billings" generally and plurally and states that the entire "account will remain frozen" pending further investigation. Thus, the District Court had ample basis for finding that the objection applied to *all* unpaid invoices from RESG.

4

## III.

UCF also argues that the District Court should at least have awarded it the amount of $124,237.50 (plus interest), which, it contends, is an undisputed debt based on the DOE's own records. In order to state a claim for account stated, the plaintiff must show that the account existed, that it was presented to the defendant, and that the defendant agreed expressly or impliedly to the amount of the debt. *See Morrison Cohen Singer & Weinstein, LLP. v. Ackerman*, 720 N.Y.S.2d 486, 486-87 (1st Dep't 2001) (quoting *Interman,* 37 N.Y.2d at 153). Here, UCF has not shown that the DOE ever agreed that it owed $124,237.50. Thus, the record does not support a conclusion that the District Court clearly erred in determining that no money was due to UCF.

## **CONCLUSION**

We have considered all of UCF's arguments on appeal and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court