■ KUCKER & BRUH, LLP, Respondent, v JANUSZ SENDOWSKI, Appellant, et al., Defendant. [24 NYS3d 507]—

Appeal from order, Supreme Court, New York County (Ellen M. Coin, J.), entered September 9, 2014, which recalled and amended its prior order, entered August 19, 2014, inter alia, granting plaintiff summary judgment against defendant Janusz Sendowski on the third and seventh causes of action, and directed the Clerk of the Court to sever and enter judgment in favor of plaintiff on said causes of action, deemed appeal from judgment, same court and Justice, entered September 18, 2014, awarding plaintiff the total sum of $179,157.24 as against said defendant, and, as so considered, unanimously affirmed, with costs. Appeal from August 19, 2014 order, unanimously dismissed, without costs, as superseded.

Plaintiff law firm established entitlement to summary judgment on its claim for an account stated by production of documentary evidence showing that defendant received and retained invoices without objection (*see Rosenman Colin Freund Lewis & Cohen v Edelman*, 160 AD2d 626 [1st Dept 1990], *lv denied* 77 NY2d 802 [1991]). Plaintiff has also shown the partial payment of bills (*see Morrison Cohen Singer & Weinstein, LLP v Waters*, 13 AD3d 51, 52 [1st Dept 2004]). De-

fendant's "bald allegations of oral protests were insufficient to raise a triable issue of fact as to the existence of an account stated" (*Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]).

Plaintiff's failure to comply with the rules on retainer agreements (22 NYCRR 1215.1) does not preclude it from suing to recover legal fees under such theories as services rendered, quantum meruit, and account stated (*see Roth Law Firm, PLLC v Sands*, 82 AD3d 675 [1st Dept 2011]).

The motion court properly amended its prior order to sever the third and seventh causes of action and direct judgment in favor of plaintiff, as requested in the complaint and plaintiff's motion for summary judgment. Concur—Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.