NY Fuel Distribs., LLC v Eljamal (2018 NY Slip Op 04555)





NY Fuel Distribs., LLC v Eljamal


2018 NY Slip Op 04555


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-13344
 (Index No. 60931/13)

[*1]NY Fuel Distributors, LLC, respondent, 
v
Ahmad Eljamal, appellant.


Resko Law Office, P.C., Mount Kisco, NY (Michael Resko of counsel), for appellant.
Harfenist Kraut & Perlstein, LLP, Purchase, NY (Jonathan D. Kraut and Neil Torczyner of counsel), for respondent.



DECISION & ORDER
In an action to recover on a personal guaranty, the defendant appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated November 22, 2016. The order granted the plaintiff's motion for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims, and for an award of an attorney's fee.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint and for an award of an attorney's fee, and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff is in the business of selling gasoline. In June 2010, it entered into a contractual relationship with nonparty V & D Auto Service, Inc. (hereinafter V & D), for the operation of a retail gasoline station for the sale of, inter alia, gasoline. For this purpose, the plaintiff and V & D entered into a retail facility lease (hereinafter the lease) and a commission lessee agreement (hereinafter the CLA), both dated June 17, 2010. Pursuant to the lease, V & D was required, among other things, to pay a monthly rental to the plaintiff. The CLA, in turn, established V & D as the plaintiff's commissioned agent with respect to the sale of the plaintiff's gasoline. Specifically, V & D would receive gasoline from the plaintiff and its designee and sell it to the public. Title to the gasoline remained at all times with the plaintiff until it was sold to individual customers, and all income and accounts receivable arising from the sale of the gasoline remained the plaintiff's sole property. V & D was required to remit cash receipts from the sale of gasoline to the plaintiff on each business day, and the plaintiff would pay V & D a commission on each gallon of gasoline sold. The commission was credited each month against V & D's rent under the lease. Insofar as relevant to this appeal, events of default under the CLA included V & D's "failure . . . to pay to [the plaintiff] in a timely manner when due, all sums to which [the plaintiff] is legally entitled."
On June 24, 2010, the defendant, who is the principal of V & D, also signed a personal guaranty (hereinafter the guaranty) in favor of the plaintiff. The defendant's liability under the guaranty would be triggered by V & D's "fail[ure] to pay any . . . rental[ ] or other indebtedness promptly when due."
After only a few months of operation, the relationship between the plaintiff and V & D came to an end. In July 2013, the plaintiff commenced this action under the guaranty to recover the sum of $28,358.52 allegedly owed by V & D under the terms of the lease. It also sought to recover its costs and expenses, including an attorney's fee. The defendant denied the material allegations in the complaint and asserted seven affirmative defenses and three counterclaims.
Following the completion of discovery, the plaintiff moved for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims, and for an award of an attorney's fee. Henry C. Simpson, the plaintiff's chief financial officer, submitted an affidavit in support of the motion. The exhibits to the affidavit included copies of the lease, the CLA, the guaranty, a copy of V & D's "account history" with the plaintiff, dated October 23, 2015, showing an outstanding balance owed of $28,358.52 as of October 31, 2011, and a demand letter dated May 8, 2013, from the plaintiff to the defendant requesting payment of the outstanding balance. Simpson stated in his affidavit that the outstanding balance related to "gasoline sales." While Simpson did not expressly state in his affidavit that V & D ever failed to pay, when due, any amounts owed either under the lease or the CLA, he averred that "[the plaintiff] forwarded monthly statements to V & D and [the defendant] setting forth the gasoline sales receivables, receipts . . . and the monthly rent due and owing after application of the gasoline sales commissions owed to V & D."
In an opposing affidavit, the defendant specifically denied that V & D owed anything to the plaintiff under the terms of the lease, as alleged in the complaint. Moreover, the defendant averred that V & D had never received any invoice from the plaintiff for unpaid gasoline sales, and specifically denied any breach by V & D of the CLA's provisions requiring V & D to deposit all cash receipts for gasoline sales into the plaintiff's bank account.
The Supreme Court granted the plaintiff's motion, and the defendant appeals.
As a threshold matter, the Supreme Court providently exercised its discretion in deeming the complaint to seek, pursuant to the guaranty, the recovery of amounts allegedly owed by V & D under the terms of the CLA rather than the lease (see CPLR 3025[c]). "Leave to conform a pleading or the bill of particulars to the proof pursuant to CPLR 3025(c) should be freely granted absent prejudice or surprise resulting from the delay" (Hine v Jafa Transp., Inc., 97 AD3d 794, 795 [internal quotation marks omitted]). Here, the defendant was aware, during discovery, that the amounts claimed in the complaint related to gasoline sales under the CLA, rather than outstanding rent under the lease. Under the circumstances, the defendant cannot claim to have been surprised or prejudiced by the plaintiff's request for any defect in the complaint to be deemed corrected to conform to the documentary and other evidence tendered in support of summary judgment.
On the merits, we disagree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment on the complaint. The plaintiff failed to establish, prima facie, the existence of any underlying default by V & D under the terms of the CLA, as required in order to seek recovery against the defendant under the terms of the guaranty (see generally Madison Ave. Leasehold, LLC v Madison Bentley Assocs. LLC, 8 NY3d 59). Specifically, the plaintiff's motion papers fell short of establishing that V & D failed to pay, when due, the amount allegedly owed under the CLA for gasoline sales. Simpson's bare assertion, without any supporting documentation, that the plaintiff forwarded monthly statements to V & D, was insufficient to establish the existence of the underlying indebtedness even under a cause of action for an account stated (see Kucker & Bruh, LLP v Sendowski, 136 AD3d 475), let alone in an action to collect under a disputed contract (see Simplex Grinnell v Ultimate Realty, LLC, 38 AD3d 600). Moreover, the "account statement" attached to Simpson's affidavit, which was prepared several years after the plaintiff's relationship with V & D ended, and more than two years after this action had been commenced, lacked the indicia of reliability normally attached to business records contemporaneously made and kept in the ordinary course of business (cf. People v Rogers, 8 AD3d 888, 891). In any event, the "account statement" did not establish that V & D was aware of the alleged debt and failed to pay it before the plaintiff first sought payment from the defendant under the guaranty.
Accordingly, that branch of the plaintiff's motion which was for summary judgment [*2]on the complaint should have been denied regardless of the sufficiency of the defendant's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to the defendant's contention, in the event the plaintiff is ultimately successful in obtaining payment from the defendant, it will also be entitled, under the express terms of the guaranty, to recover its reasonable and documented expenses, including "reasonable and documented fees and expenses of [its] counsel." However, in light of the denial of that branch of the plaintiff's motion which was for summary judgment on the complaint, that branch of its motion which was for an award of an attorney's fee must be denied as premature.
Finally, we note that the defendant has not set forth, in his brief, any basis for changing the Supreme Court's determination to grant that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defenses and counterclaims.
RIVERA, J.P., CHAMBERS, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court