EPF Intl. Ltd. v Lacey Fashions Inc. (2019 NY Slip Op 02269)





EPF Intl. Ltd. v Lacey Fashions Inc.


2019 NY Slip Op 02269


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8779 153154/16

[*1]EPF International Limited, Plaintiff-Respondent,
v
Lacey Fashions Inc., Defendant-Appellant.


Law Offices of Jason Lowe, New York (Jason Lowe of counsel), for appellant.
Bernard D'Orazio & Associates, P.C., New York (Bernard D'Orazio of counsel), for respondent.



Judgment, Supreme Court, New York County (Kathryn E. Freed, J.), entered November 17, 2017, awarding plaintiff the principal sum of $59,050.42 on its claim for an account stated, unanimously affirmed, with costs.
The record establishes that plaintiff, a Hong Kong-based corporation in the business of selling, inter alia, wigs, demonstrated its entitlement to summary judgment on an account stated (L.E.K. Consulting LLC v Menlo Capital Group, LLC, 148 AD3d 527, 528 [1st Dept 2017]). Plaintiff established that it prepared and sent invoices to defendant in the ordinary course of its business, that defendant's partial payment confirmed it received them (Kucker & Bruh, LLP v Sendowski, 136 AD3d 475 [1st Dept 2016]), and that defendant did not object to the invoices in a timely fashion.
Defendant's argument that there is no evidence the invoices were sent and received, and that plaintiff's reply affirmation, which provided additional detail on its office procedures, should not have been considered, is unavailing. The function of reply papers is to address arguments made in opposition to the position taken by the movant, and not to permit the movant to introduce new arguments in support of, or new grounds for the motion (Dannasch v Bifulco, 184 AD2d 415, 417 [1st Dept 1992]). Here the reply affirmation of plaintiff's executive director responded to issues raised in defendant's opposition papers regarding the admissibility of plaintiff's business records (Castano v Wygand, (122 AD3d 476 [1st Dept 2014]); see also Sanford v 27-29 W. 181st St. Assn., 300 AD2d 250 [1st Dept 2002]). It did not improperly raise new arguments or theories on which to base its motion.
Defendant's argument that plaintiff, a foreign corporation not licensed to do business in New York, is precluded from maintaining suit pursuant to Business Corporation Law (BCL) § 1312(a) is also unavailing. A defendant relying upon BCL § 1312(a) has the burden of proving that the foreign corporate plaintiff was "doing business" in New York without authority (see S & T Bank v Spectrum Cabinet Sales, 247 AD2d 373 [2d Dept 1998]). Defendant has offered no such proof.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK