LePatner Project Solutions LLC v 320 W. 115 St. (2021 NY Slip Op 01510)





LePatner Project Solutions LLC v 320 W. 115 St.


2021 NY Slip Op 01510


Decided on March 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2021

Before: Renwick, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 651437/18 Appeal No. 13342 Case No. 2020-01985 

[*1]LePatner Project Solutions LLC, Also Known as LPS, et al., Plaintiffs-Appellants,
v
320 West 115 Street, LLC, Also Known as 320 West 115 Realty LLC, etc., et al., Defendants-Respondents.


Webber Law Group LLP, Melville (Jason A. Stern of counsel), for appellants.
The Law Office of Thomas M. Mullaney, New York (Thomas M. Mullaney of counsel), for respondents.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered March 7, 2019, which denied plaintiffs' motion for partial summary judgment on their account stated claim, unanimously modified, on the law, the motion granted on their account stated claim against the LLC defendant for project management invoices from May 19, 2017 through December 6, 2017, and otherwise affirmed, without costs.
"[E]ither retention of bills without objection or partial payment may give rise to an account stated" (Morrison Cohen Singer & Weinstein, LLP v Waters, 13 AD3d 51, 52 [1st Dept 2004]). Here, plaintiff LePatner Project Solutions, LLC is entitled to summary judgment on its account stated claim against the limited liability corporation defendant only for project management invoices from May 19, 2017 through December 6, 2017, as defendants never timely objected to such invoices. Defendants' vague assertion that they "raised" the issue with plaintiffs is insufficient to create an issue of fact (Kucker & Bruh, LLP v Sendowski, 136 AD3d 475, 476 [1st Dept 2016]; Zanani v Schvimmer, 50 AD3d 445, 446 [1st Dept 2008]).
While defendants also failed to timely object to plaintiffs' legal services invoices rendered throughout 2017, defendants' counterclaim for legal malpractice "is intertwined with . . . plaintiff law firm's claim for legal fees," precluding summary judgment on the claim with regard to the invoices for legal services (Emery Celli Brinckerhoff & Abady, LLP v Rose, 111 AD3d 453, 454 [1st Dept 2013], lv denied 23 NY3d 904 [2014]). Plaintiffs also are not entitled to summary judgment on their account stated claim insofar as it seeks payment of the December 19, 2017 additional services invoice, to which defendants timely objected on January 15, 2018 (see Healthcare Capital Mgt. v Abrahams, 300 AD2d 108 [1st Dept 2002]). Plaintiffs failed to establish their entitlement to summary judgment against the individual defendants.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 16, 2021