Katsky Korins LLP v Moskovits (2021 NY Slip Op 05815)





Katsky Korins LLP v Moskovits


2021 NY Slip Op 05815


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Kern, J.P., Oing, Singh, Mendez, Higgitt, JJ. 


Index No. 657292/19 Appeal No. 14480 Case No. 2021-00507 

[*1]Katsky Korins LLP, Plaintiff-Appellant,
v
Toby Moskovits, et al., Defendants-Respondents.


Katsky Korins LLP, New York (Robert A. Abrams of counsel), for appellant.
Law Office of David E. Miller, LLC, New York (David Emanuel Miller of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J), entered February 8, 2021, which denied plaintiff's motion for summary judgment on its account stated and breach of contract claims, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of plaintiff in the amount of $209,836.44, with statutory interest from September 11, 2019.
Plaintiff law firm Katsky Korins LLP established entitlement to summary judgment on its claim for an account stated with respect to its June invoices by production of documentary evidence showing defendants received the June invoices and defendants' admissions in their answer that they made partial payments for those invoices (LePatner Project Solutions LLC v 320 W. 115 St., 192 AD3d 507, 508 [1st Dept 2021]; Law Off. of Mark S. Helweil v Karambelas, 190 AD3d 560, 560 [1st Dept 2021]).
Plaintiff also established entitlement to summary judgment on its account stated claim with respect to the July invoices. The documentary evidence established that defendant received the July invoices on August 8, 2019 and the Mark Walfish affidavit established that defendants retained those invoices without making any specific objection to them (Schulte Roth & Zabel, LLP v Kassover, 80 AD3d 500, 501 [1st Dept 2011], lv denied 17 NY3d 702 [2011]; see also Morrison Cohen Singer & Weinstein v Ackerman, 280 AD2d 355, 356 [1st Dept 2001]).
Defendant Moskovits's self-serving, bald allegations of oral protests made prior to receipt of the July invoices are insufficient to raise a triable issue of fact as to the existence of an account stated (Darby & Darby v VSI Intl., 95 NY2d 308, 315 [2000]; Thelen LLP v Omni Contr. Co., Inc., 79 AD3d 605, 606 [1st Dept 2010], lv denied 17 NY3d 713 [2011]). In addition, plaintiff's termination does not prohibit its recovery under an account stated theory, and the law firm may recover for pretermination legal services billed to defendants at the agreed upon hourly rate, which defendants retained without objection (see Salans Hertzfeld Heilbronn Christy & Viener v Between Bread E., 290 AD2d 381, 381-382 [1st Dept 2002]; see also Glazer v Falberg, 85 AD2d 938, 939 [1st Dept 1981]). While the parties dispute the circumstances surrounding the courtesy discount in the July invoices, defendants have not presented any evidence that they objected specifically to those invoices or indicated the discount was unacceptable. As such, they are deemed to have acquiesced to the July invoices.
In light of these findings, this Court need not reach plaintiff's breach of contract claim. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021