DashDevs LLC v Capital Mkts. Placement, Inc. (2021 NY Slip Op 06079)





DashDevs LLC v Capital Mkts. Placement, Inc.


2021 NY Slip Op 06079


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Renwick, J.P., Singh, Kennedy, Rodriguez, Pitt, JJ. 


Index No. 655993/18 Appeal No. 14604 Case No. 2021-01969 

[*1]DashDevs LLC, Plaintiff-Appellant,
v
Capital Markets Placement, Inc., Defendant-Respondent.


Borg Law LLP, New York (Jonathan M. Borg of counsel), for appellant.
Long & Associates PLLC, New York (Ryan E. Long of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about November 17, 2020, which, inter alia, denied plaintiff's motion for leave to enter a default judgment against defendant Capital Markets Placement, Inc. (CMP) or, in the alternative, for partial summary judgment against CMP, unanimously affirmed, without costs.
Plaintiff's motion for a default judgment against CMP, based on CMP's failure to interpose an answer within 30 days of the court's order vacating a prior default judgment, was properly denied. Neither the CPLR nor the court's vacatur order provided a time by which CMP was required to file its answer following vacatur. The order merely restored the case to the trial calendar and directed the parties to appear for a settlement conference on September 10, 2020.
In any event, plaintiff has failed to show that CMP's two-week delay in answering its complaint, following plaintiff's second motion for a default judgment, caused any prejudice (see Artcorp Inc. v Citirich Realty Corp., 140 AD3d 417, 418 [1st Dept 2016]). CMP also quickly responded to plaintiff's motion for a default judgment, showing that it did not intend to abandon the action (see Koren-DiResta Constr. Co. v CNA Ins. Cos., 176 AD2d 567, 568 [1st Dept 1991]).
Plaintiff's motion for partial summary judgment on its claims of breach of contract and for an account stated was also properly denied. There remain questions of fact as to whether plaintiff completed its work to CMP's reasonable satisfaction, as required by the contract (see Yellin v Zimmerman, 162 AD3d 454, 455 [1st Dept 2018]), and whether CMP retained the invoices without objection (see Morrison Cohen Singer & Weinstein, LLP v Waters, 13 AD3d 51 [1st Dept 2004]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021