Hess 938 St. Nicholas Judgment LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp. (2022 NY Slip Op 03989)

Hess 938 St. Nicholas Judgment LLC v 936-938 Cliffcrest Hous. Dev. Fund Corp.

2022 NY Slip Op 03989

Decided on June 21, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 21, 2022

Before: Gische, J.P., Friedman, González, Rodriguez, Pitt, JJ. 

Index No. 153822/15, 595841/19 Appeal No. 16161 Case No. 2022-00100 

[*1]Hess 938 St. Nicholas Judgment LLC, Plaintiff-Appellant,
v
936-938 Cliffcrest Housing Development Fund Corporation, Defendant-Respondent.
936-938 Cliffcrest Housing Development Fund Corporation, Third-Party Plaintiff-Respondent,
v
Maverick Real Estate Partners LLC, Third-Party Defendant-Appellant.

Kriss & Feuerstein, LLP, New York (Michael V. Capellupo of counsel), for appellant.
The Kurland Group, New York (Yetta G. Kurland of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about July 9, 2021, which, to the extent appealed as limited by the briefs, denied plaintiff's motion for summary judgment on its claim for account stated as against defendant 936-938 Cliffcrest Housing Development Fund Corporation (Cliffcrest), and denied the motion third-party defendant Maverick Real Estate Partners LLC's (Maverick) motion for summary judgment dismissing the third-party complaint, unanimously affirmed, with costs.
Plaintiff failed to establish its prima facie entitlement to summary judgment on its claim for account stated against Cliffcrest, the owner of the premises, as it established neither retention of bills without objection nor partial payment, either of which may give rise to an account stated (LePatner Project Solutions LLC v 320 W. 115 St., 192 AD3d 507, 508 [1st Dept 2021]). Plaintiff provided no evidence that it properly addressed and mailed account invoices to Cliffcrest, and in fact, the invoices were billed to a different entity. Accordingly, plaintiff should not be afforded the presumption that Cliffcrest actually received the invoices (see Penthouse Global Media, Inc. v Exec. Club LLC, 187 AD3d 410, 411 [1st Dept 2020], lv dismissed 36 NY3d 1115 [2021]; Morrison Cohen Singer & Weinstein, LLP v Brophy, 19 AD3d 161, 161-162 [1st Dept 2005]). In addition, the invoices themselves do not show that Cliffcrest made any payment of them (see LePatner Project Solutions, 192 AD3d at 508).
Similarly, Maverick failed to establish that it was entitled to dismissal of the third-party complaint, as additional discovery was necessary to determine whether Cliffcrest could sustain its cause of action for champerty. Acquisition of a debt instrument for the purpose of enforcing it through litigation may be a proper basis for a champerty claim; however, that determination requires a factual inquiry as to the acquiring party's credibility and the proffered reasons for the acquisition (see Bluebird Partners v First Fid. Bank, 94 NY2d 726, 738 [2000]; 71 Clinton St. Apts. LLC v 71 Clinton Inc., 114 AD3d 583, 585 [1st Dept 2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 21, 2022