■ MARCHI JAFFE COHEN CRYSTAL ROSNER & KATZ, Appellant, v ALL-STAR VIDEO CORP., Defendant, and LESLIE RUBINOWITZ et al., Respondents. — Order of the Supreme Court, New York County (Harold Tompkins, J.), entered on April 27, 1984, which, *inter alia,* denied plaintiff's motion for summary judgment, is modified, on the law, to the extent of granting plaintiff's motion for summary judgment against the individual defendants, Leslie and Beatrice Rubinowitz, and otherwise affirmed, with costs and disbursements payable by said defendants to plaintiff.

This action was instituted to recover legal fees for professional services rendered by plaintiff law firm on behalf of defendants and their corporate entity, All-Star Video Corporation. The complaint alleges two causes of action, one in contract and the second for an account stated. Although it is undisputed that plaintiff was engaged by Leslie Rubinowitz and that it thereafter performed substantial legal services for defendants, the

parties disagree as to the capacity in which the firm was retained. Plaintiff claims that it was hired to, and did, in fact, represent not only All-Star Video, but also Leslie and Beatrice Rubinowitz personally, while defendants contend that the agreement between the parties provided that any and all legal fees be charged to the corporation exclusively since services rendered to the Rubinowitzes were solely in connection with their position as corporate officers. However, there is no question that following the termination of the relationship between the law firm and defendants in May of 1982, plaintiffs remitted a final invoice along with a cover letter dated May 10, 1982, which stated in part: "Please be advised that the amounts due pursuant to All-Star should not be deemed corporate matters alone since the services rendered in connection with litigations naming both All-Star and you as individuals are contained in the bill. Our firm has billed the corporation for these services to you as per your instructions, nevertheless, we look to each of you individually for payment of the services rendered where we appear as counsel of record for all defendants including each of you individually."

Beatrice Rubinowitz responded by telephone, acknowledging the debt and advising that a proposal for payment would be forthcoming. On June 9, 1982, the firm's bills were again forwarded to defendants with a cover letter reminding Mrs. Rubinowitz of the previous conversation. Some three weeks later, she wrote to plaintiffs that:

"We are in receipt of the bills rendered by your office to both All-Star and Les and myself.

"As of this moment, both Les and myself are still unemployed and are collecting only Unemployment Insurance. In addition, as of yet we still have not seen one red penny in settlement from EVI.

"As soon as our financial status improves and one or both of us are again gainfully employed, we will certainly contact you and work out a payment schedule. We appreciate your continued patience in this regard and we hope to be able to start settling soon."

Special Term found the foregoing communication "insufficient, standing alone, to remove all doubt as to the existence of issues of fact concerning an alleged assumption or acknowledgement of liability by the individual defendants." Defendants, however, in opposing plaintiff's motion for summary judgment against the individual defendants, did not submit any evidentiary proof such as would raise a triable issue of fact. Indeed, they do not challenge the substance of plaintiff's cover letter of

May 10, 1982 nor the validity of Mrs. Rubinowitz's subsequent letter, which amounts to an admission of liability. In that communication, she expressly acknowledges receipt of the bills to "both All-Star and Les and myself."

The law is well settled that in order to defeat a motion for summary judgment, a party "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient." (*Zuckerman v City of New York,* 49 NY2d 557, 562; see, also, *Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276; *Fried v Bower & Gardner,* 46 NY2d 765; *Platzman v American Totalisator Co.,* 45 NY2d 910; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285.) In that respect, defendants' unsupported assertion that the legal services performed by plaintiff law firm to them were only in their capacity as corporate officers is simply inadequate to overcome the documentary evidence to the contrary. As this court held in *Rosenman Colin Freund Lewis & Cohen v Neuman* (93 AD2d 745, 746): "It has long been established that ' "where an account is made up and rendered, he who receives it is bound to examine the same, or to procure some one to examine it for him; if he admits it to be correct, it becomes a stated account and is binding on both parties — the balance being the debt which may be sued for and recovered at law" ' (*Lockwood v Thorne,* 11 NY 170, 174). Even if defendant had received plaintiff's accounts and did not expressly assent, but failed to object to them within a reasonable time, he would be bound by them as accounts stated unless fraud, mistake or other equitable considerations were shown."

Consequently, Special Term should have granted plaintiff's motion for summary judgment against the individual defendants herein. Concur — Ross, J. P., Carro, Fein, Milonas and Alexander, JJ.