■ G. W. WHITE & SON, INC., Respondent, v RICHARD GOSIER, Doing Business as RICHARD GOSIER CONSTRUCTION, Appellant. [632 NYS2d 910] —Order unanimously modified on the law and as modified affirmed with costs to defendant in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for defendant's failure to pay for construction materials and supplies delivered to defendant on credit. The complaint asserts three bases for relief: breach of contract, account stated, and quantum meruit. In his answer, defendant asserted that River Resorts of Ogdensburg (River Resorts), not defendant, contracted with plaintiff for those supplies and materials, and defendant asserted counterclaims on behalf of River Resorts and on his own behalf for a setoff or for damages based on breach of contract and breach of implied warranties. Supreme Court granted plaintiff's motion for summary judgment on the cause of action for an account stated, and this Court affirmed *(White & Son v Gosier,* 197 AD2d 852, *lv dismissed* 82 NY2d 920, 84 NY2d 1007). Plaintiff then moved for summary judgment dismissing the counterclaims asserted by defendant. Defendant appeals from an order granting that motion.

The court properly granted summary judgment dismissing counterclaims asserted on behalf of an entity (River Resorts) that is not a party to the action. The court erred, however, in dismissing the counterclaims asserted by defendant on his own behalf. The granting of summary judgment on the cause of action for an account stated does not preclude defendant from maintaining an action for damages upon the ground that the

goods supplied were of inferior quality and did not conform to the underlying contract. An account stated is an agreement, independent of the underlying agreement, regarding the amount due on past transactions *(Rodkinson v Haecker,* 248 NY 480; *Fink, Weinberger, Fredman, Berman & Lowell v Petrides,* 80 AD2d 781, *appeal dismissed* 53 NY2d 1028). A party may obtain relief on an account stated without establishing that the goods conformed to the contract *(Friendly Tel. v Frost Refrig.,* 279 App Div 599; *see generally,* 1 NY Jur 2d, Accounts and Accounting, § 28). The court recognized that principle by granting summary judgment for an account stated while acknowledging that defendant raised factual issues concerning the quality of the goods. Thus, in granting that motion, the court did not decide issues relating to the quality of the goods. Further, defendant's acceptance of nonconforming goods does not preclude a counterclaim for breach of contract or warranty *(see, Milligan Contr. v Mancini Assocs.,* 174 AD2d 136).

We reject plaintiff's contention that the counterclaim for breach of warranty was properly dismissed because each invoice excluded the implied warranties of merchantability and fitness for a particular purpose. There is no language on the invoices that purports to exclude warranties, and plaintiff presented no evidence from a person with first-hand knowledge establishing that such language appeared on the invoices. Moreover, a disclaimer or exclusion of warranties delivered to the buyer after consummation of the sale is not effective unless the parties have entered into a separate agreement pursuant to Uniform Commercial Code § 2-209 *(see generally,* 1 White & Summers, Uniform Commercial Code § 12-5 [3d ed]). Defendant asserted that the invoices were delivered after the sale, thereby raising a factual issue regarding the effectiveness of any exclusion. Thus, we modify the judgment on appeal by denying that part of the motion seeking summary judgment dismissing the counterclaims asserted on defendant's behalf regarding the alleged defective quality of the doors, door jambs and casings. (Appeal from Order of Supreme Court, Jefferson County, Gilbert, J.—Summary Judgment.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.