■ RAND ROSENZWEIG SMITH RADLEY GORDON & BURSTEIN, LLP, Respondent, v PHIL BERGER et al., Appellants. [669 NYS2d 555] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about October 16, 1996, which, *inter alia*, granted plaintiff's motion for a default judgment against defendant Pheo Productions, Inc. and granted plaintiff's motion for summary judgment against individual defendant Berger insofar as it concerned the first, third and seventh causes of action, unanimously affirmed, with costs.

The individual defendant does not contest his receipt of a bill, dated June 7, 1995, for the outstanding balance due to plaintiff law firm. Nor, contrary to his argument, did the individual defendant object to the account stated in that bill when he subsequently wrote plaintiff law firm to arrange terms for the bill's payment. We see no reason to except the individual defendant's conduct with respect to the subject bill from the oft-stated rule that generally "receipt and retention of [an obligee's] accounts, without objection within a reasonable time, and agreement to pay a portion of the indebtedness, [gives] rise to an actionable account stated, thereby entitling [the obligee] to summary judgment in its favor" (*Rosenman Colin Freund Lewis & Cohen v Edelman*, 160 AD2d 626; *see also, Rosenman Colin Freund Lewis & Cohen v Neuman*, 93 AD2d 745, 746; *Fink, Weinberger, Fredman, Berman & Lowell v Petrides*, 80 AD2d 781, *appeal dismissed* 53 NY2d 1028).

Respecting the individual defendant's liability for amounts billed by plaintiff for services to the corporate defendant, we note that the corporate defendant's liability has been established by a judgment entered on default and that the individual defendant does not dispute that he guaranteed payment of the corporate defendant's obligations to plaintiff. The individual defendant may not avoid his obligation pursuant to his guarantee by claiming that he is neither an officer nor a shareholder of the corporate defendant. Defendant's obligation by reason of his guarantee remains regardless of the nature of his involvement, if any, with the corporate defendant (*cf., Walcutt v Clevite Corp.*, 13 NY2d 48).

We have considered defendants' remaining arguments and find them to be without merit. Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.