DOUGLAS S. WATERBURY, Appellant, v CITY OF OSWEGO, Respondent. [674 NYS2d 530] —Judgment unanimously affirmed without costs. Memorandum: On June 8, 1992, the City of Oswego Common Council passed a resolution providing that "the late fee for past due water bills in the City of Oswego shall be ten percent (10%) per month." The stated purpose of the resolution was "to decrease the amount of unpaid water bills within the City of Oswego." The amount of the total unpaid water bills and the accumulated late fees at year-end are added to the owner's property tax.

We reject plaintiff's contention that the late fee of 10% per month is unreasonable. A municipality that operates its own water supply system may establish its own rates, fees and penalties (*see*, Municipal Home Rule Law § 10 [1] [ii] [a] [9-a]; *Stepping Stones Assocs. v City of White Plains*, 100 AD2d 619, 620, *affd* 64 NY2d 690, *cert denied* 471 US 1066). In the absence of a statutory limitation and in light of the purpose of the late fee as a device to discourage delinquent payments rather than to raise revenue, the late fee of 10% per month is not unreasonable. Contrary to the contention of both plaintiff and defendant, the City of Oswego (City), Public Service Law § 89-b (1) and 16 NYCRR 14.14 do not apply to "a municipality, [or] to its said business of owning, maintaining or operating a water system or of selling, furnishing or distributing water" (Public Service Law § 89-*l* [1]). Thus, the Public Service Commission has no jurisdiction over the review and determination of rates, penalties and late fees charged by a municipality that owns and operates its own water supply system (*see*, Public Service Law § 89-*l*; *Town Bd. v City of Poughkeepsie*, 22 AD2d 270, 273; 1946 Opns St Comp No. 2-1442, at 376).

We also reject plaintiff's contention that the late fee is usurious under General Obligations Law § 5-501 (2) (*see*, *Matter of City of Binghamton [Ritter]*, 133 AD2d 988, 989, *lv dismissed* 70 NY2d 1002). The late fee is a penalty for failure to pay a water bill when due. It "is designed to insure the prompt payment of [water bills] and is clearly not a loan or forbearance of money" (*Matter of City of Binghamton [Ritter]*, *supra*, at 989). " '[W]here there is no loan, there can be no usury' " (*Feinberg v Old Vestal Rd. Assocs.*, 157 AD2d 1002, 1003).

Because the late fee is rationally related to the City's legitimate goal of discouraging unpaid water bills and because there is a rational reason to impose additional penalties on water

bills that remain unpaid for a greater period of time, plaintiff's constitutional attack lacks merit (*see, Stepping Stones Assocs. v City of White Plains, supra,* at 620). (Appeal from Judgment of Supreme Court, Oswego County, Nicholson, J.—Declaratory Judgment.) Present—Green, J. P., Lawton, Wisner, Callahan and Boehm, JJ.