■ MOSES & SINGER L. L. P., Respondent, v S&S MACHINERY CORP. et al., Appellants. [675 NYS2d 62] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered April 24, 1997, as amended by order entered May 14, 1997, which, in an action to recover a legal fee, granted plaintiff's motion for summary judgment on its cause of action for account stated against the corporate defendant, summary judgment dismissing defendants' counterclaims, and disqualification of defendants' attorneys, unanimously affirmed, with costs.

No issue of fact as to whether defendants objected to plaintiff's resubmitted bills for the unpaid balance of its fee is raised by defendants' conclusory assertions that they did. Indeed, the corporate defendant, in a letter its president wrote to plaintiff shortly after receipt of the bills in question, effectively acknowledged that it owed the amount demanded, although claiming lack of financial wherewithal to make immediate payment. We see no reason to depart from "the oft-stated rule that generally 'receipt and retention of [an obligee's] accounts, without objection within a reasonable time, and agreement to pay a portion of the indebtedness, [gives] rise to an actionable account stated entitling [the obligee] to summary judgment in its favor'" (*Rand Rosenzweig Smith Radley Gordon & Burstein v Berger*, 248 AD2d 129, 130). Defendants' attorney herein, who defendants had engaged as co-counsel in the litigation that gave rise to the bills in issue herein, was properly disqualified on the ground that his testimony would likely be necessary (*S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 445-446). We have considered defendants' other arguments and find them to be without merit. Concur—Ellerin, J. P., Tom, Mazzarelli and Saxe, JJ.