■ NYCTL 1997-1 Trust et al., Respondents, v Gerard T. Goonan, Appellant, et al., Defendant. [762 NYS2d 820] —In an action to foreclose a tax lien, the defendant Gerard T. Goonan appeals (1) from a decision of the Supreme Court, Queens County (Goldstein, J.), dated June 21, 2001, (2) as limited by his brief, from so much of an order of the same court dated September 7, 2001, as denied his motion for summary judgment on his counterclaim to recover damages for attorney misconduct pursuant to Judiciary Law § 487 and as granted that branch of the plaintiffs' cross motion which was for summary judgment on the complaint, (3) from an order of the same court dated January 22, 2002, which denied his motion for leave to reargue the prior motion and cross motion, and (4) from an order of the same court dated January 25, 2002, which denied his motion to vacate the order dated September 7, 2001, on the ground of noncompliance with 22 NYCRR 202.48.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the order dated January 22, 2002, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 7, 2001, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 25, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appellant's reliance on the affirmative defense of usury in this action to foreclose a tax lien is misplaced. The defense of usury is not available to contest the rate of interest applied to delinquent taxes or fees owed to a unit of government, as the rudimentary element of usury, the existence of a loan or a forbearance of money, is lacking (*see Waterbury v City of Oswego,* 251 AD2d 1060 [1998]; *Matter of City of Binghamton [Ritter],* 133 AD2d 988, 989 [1987]; *see also In re P.G. Realty Co.,* 220 BR 773, 784 [1998]).

The appellant's remaining contentions are without merit. Feuerstein, J.P., Krausman, Goldstein and Rivera, JJ., concur.