■ DUANE READE, Respondent and Counterclaim Defendant, v CARDINAL HEALTH, INC., et al., Defendants and Counterclaim Plaintiffs, and JAMES W. DALY, INC., et al., Defendants and Counterclaim Plaintiffs-Appellants. [799 NYS2d 416]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered January 31, 2005, which denied the motion by defendants and counterclaim plaintiffs James W. Daly, Inc. (Daly) and Whitmire Distribution Corporation (Whitmire) for leave to amend their pleading to assert a counterclaim for breach of contract, unanimously reversed, on the law, without costs, and the motion granted.

This Court's prior order granting partial summary judgment dismissing Daly's and Whitmire's counterclaim against Duane Reade for an account stated (12 AD3d 224 [2004]) does not preclude granting Daly and Whitmire leave to amend their pleading to assert a counterclaim for breach of the underlying contract. Since "[a]n account stated is an agreement, *independent of the underlying agreement*, regarding the amount due on

past transactions" (*G.W. White & Son v Gosier*, 219 AD2d 866, 867 [1995] [emphasis added]), the uncontroverted proof of Duane Reade's timely objection to Daly's and Whitmire's statement of the alleged balance of indebtedness—the sole ground on which we dismissed the account stated counterclaim (*see* 12 AD3d at 225)—has no bearing on the viability of the proposed counterclaim for breach of the underlying contract. Accordingly, the application for leave to amend the pleading to assert a cause of action that has not previously been at issue (*cf. Buckley & Co. v City of New York*, 121 AD2d 933, 934-935 [1986]) is not barred by the doctrine of law of the case. Neither is the application for leave to amend barred by res judicata or collateral estoppel, to the extent, if any, the latter two doctrines may apply to a ruling made within the same litigation (*but see People v Evans*, 94 NY2d 499, 502 [2000] [res judicata and collateral estoppel "generally deal with preclusion after judgment," i.e., after a claim or issue has been adjudicated "in a prior action"]). Finally, since Duane Reade has not shown that adding the proposed counterclaim will cause it any cognizable prejudice, the motion for leave to amend the pleading should have been granted (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Concur—Buckley, P.J., Mazzarelli, Friedman, Marlow and Ellerin, JJ.