■ OTIS ELEVATOR COMPANY, Respondent, v HUNT CONSTRUCTION GROUP, INC., Appellant. (Appeal No. 1.) [858 NYS2d 925]— Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered June 8, 2007 in a breach of contract action. The order, among other things, granted plaintiff's motion for partial summary judgment and denied defendant's cross motion for summary judgment.

Appeal from a judgment of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered June 12, 2007 in a breach of contract action. The judgment awarded plaintiff the sum of $367,003.89 against defendant.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, an elevator and escalator subcontractor on a construction project at the Turning Stone Casino & Resort, commenced this action seeking damages resulting from the alleged breach by defendant, the general contractor, of its subcontract with plaintiff. Supreme Court properly denied

defendant's cross motion seeking summary judgment dismissing the complaint and, instead, properly granted plaintiff's motion seeking partial summary judgment. With respect to the motion, we conclude that plaintiff met its burden of establishing its entitlement as a matter of law to the relief sought, i.e., payment for work previously performed and for released retainage. In support of the motion, plaintiff submitted the payment application signed by defendant establishing that defendant approved plaintiff's performance of work under the subcontract for an agreed-upon price of $114,518, and plaintiff submitted evidence establishing that the owner had reduced plaintiff's retainage from 10% to 5%, thus entitling plaintiff to an additional payment from defendant in the amount of $273,895.50 (*see generally G.W. White & Son v Gosier*, 219 AD2d 866, 867 [1995]; *Chisholm-Ryder Co. v Sommer & Sommer*, 70 AD2d 429, 431 [1979]). Defendant's submissions in opposition to the motion are insufficient to raise a triable issue of fact whether any sums withheld by the owner for defective work are attributable to plaintiff (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In support of its cross motion, defendant contended that its receipt of payment from the owner was a condition precedent to its obligation to pay plaintiff, and defendant thus was not obligated to pay plaintiff because it had not yet received payment from the owner. We reject that contention. As the court properly determined, the pay-when-paid clause in the subcontract merely regulated the time of payment, and did not shift the risk of owner nonpayment to plaintiff (*see generally West-Fair Elec. Contrs. v Aetna Cas. & Sur. Co.*, 87 NY2d 148, 158 [1995]; *Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co.*, 49 AD2d 60, 64-66 [1975], *affd* 40 NY2d 883 [1976]). Finally, the further contention of defendant in support of its cross motion, i.e., that plaintiff failed to comply with the contractual notice of claim requirements of the subcontract, is without merit (*cf. Promo-Pro Ltd. v Lehrer McGovern Bovis*, 306 AD2d 221, 222 [2003], *lv denied* 100 NY2d 628 [2003]). Present—Hurlbutt, J.P., Martoche, Lunn, Green and Gorski, JJ.