■ MINTZ & GOLD LLP, Appellant, v FRED A. DAIBES, Respondent. [4 NYS3d 170]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered on or about December 19, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its account stated claim, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it entered into a retainer agreement with defendant and sent him regular invoices pursuant to that agreement, to which he did not object (*see Jaffe v Brown-Jaffe*, 98 AD3d 898, 899 [1st Dept 2012]; *Bartning v Bartning*, 16 AD3d 249, 250 [1st Dept 2005]). In opposition, defendant failed to raise a triable issue of material fact.

Although defendant claims he signed the retainer agreement only in his capacity as agent and principal for nonparties River Lookout Associates, LLC and 1275 River Road Associates, LLC, the agreement is addressed to defendant individually, and he signed it individually, not on behalf of the LLCs. Accordingly, he can be held liable for the legal fees (*see Epstein Becker & Green, P.C. v Amersino Mktg. Group, LLC*, 111 AD3d 428, 429 [1st Dept 2013]). Defendant's contention that plaintiff sent bills to River Lookout is belied by the record.

Further, defendant did not object to the invoices in a timely manner. The parties' agreement provided that "[f]ailure to object to any bill within thirty days from the mailing shall be deemed an acknowledgment of the amount owed." Plaintiff sent defendant regular invoices, with the most recent invoice having been sent on July 13, 2010. Defendant did not make any objections until plaintiff's commencement of a prior action filed on August 27, 2010. Such belated protest is insufficient to ward off summary judgment (*see Lapidus & Assoc., LLP v Elizabeth St., Inc.*, 92 AD3d 405 [1st Dept 2012]). Notably, the only evidence in the record of a protest is defendant's affidavit, sworn to on May 6, 2011, asserting, without any details, that he advised plaintiff that its invoices were incorrect. This is insufficient to raise a triable issue of fact (*see Darby & Darby v VSI Intl.*, 95 NY2d 308, 315 [2000]; *Thelen LLP v Omni Contr. Co., Inc.*, 79 AD3d 605, 606 [1st Dept 2010], *lv denied* 17 NY3d 713 [2011]).

Defendant challenges the reasonableness of plaintiff's fees. However, plaintiff does not have to establish the reasonableness of its legal services in an action for an account stated (*Emery Celli Brinckerhoff & Abady, LLP v Rose*, 111 AD3d 453, 454 [1st Dept 2013], *lv denied* 23 NY3d 904 [2014]), since plaintiff's failure to object to the invoice is "construed as acquiescence as to its correctness" (*see Lapidus*, 92 AD3d at 406).

Defendant contends that the motion court properly denied summary judgment because discovery was incomplete. This argument is unavailing (*see Thelen*, 79 AD3d at 606; *Duane Morris LLP v Astor Holdings Inc.*, 61 AD3d 418 [1st Dept 2009]). Concur—Gonzalez, P.J., Acosta, Saxe, Manzanet-Daniels and Clark, JJ. [**Prior Case History: 2013 NY Slip Op 33225(U).**]