■ BRYAN L. SALAMONE, P.C., Appellant, v MELISSA COHEN, Respondent. [12 NYS3d 180]—

In an action to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Spinner, J.), dated May 3, 2013, which denied its motion for summary judgment on the complaint and, upon searching the record, awarded summary judgment to the defendant dismissing the complaint, declaring that a retainer agreement between the plaintiff attorney and the defendant dated April 30, 2010, is "null, void, cancelled, and of no force and effect," and "barr[ing], enjoin[ing], and prohibit[ing]" the plaintiff and its successors and assigns from "enforcing or attempting to enforce the agreement or any portion thereof," and (2), as limited by its brief, from so much of an order of the same court dated August 1, 2013, as, in effect, upon reargument, adhered to the determination in the order dated May 3, 2013.

Ordered that the appeal from the order dated May 3, 2013, is dismissed, as that order was superseded by the order dated August 1, 2013, in effect, made upon reargument; and it is further,

Ordered that the order dated August 1, 2013, is modified, on the law, by deleting the provision thereof, in effect, upon reargument, adhering to so much of the determination in the order dated May 3, 2013, as searched the record and awarded summary judgment to the defendant dismissing the complaint, declaring that the agreement between the plaintiff and the defendant dated April 30, 2010, is "null, void, cancelled, and of no force and effect," and "barr[ing], enjoin[ing], and prohibit[ing]" the plaintiff and its successors and assigns from "enforcing or attempting to enforce the agreement or any portion thereof," and substituting therefor a provision, upon reargument, vacating so much of the determination in the order dated May 3, 2013, as searched the record and awarded summary judgment to the defendant dismissing the complaint, declaring that the agreement between the plaintiff and the defendant dated April

30, 2010, is "null, void, cancelled, and of no force and effect," and "barr[ing], enjoin[ing], and prohibit[ing]" the plaintiff and its successors and assigns "from enforcing or attempting to enforce the agreement or any portion thereof"; as so modified, the order dated August 1, 2013, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the complaint before a different Justice.

Upon reargument, the Supreme Court erred in adhering to so much of its original determination as searched the record and awarded the defendant summary judgment dismissing the complaint, declaring that a retainer agreement between the plaintiff attorney and the defendant dated April 30, 2010, is "null, void, cancelled, and of no force and effect," and "barr[ing], enjoin[ing], and prohibit[ing]" the plaintiff and its successors and assigns from "enforcing or attempting to enforce the agreement or any portion thereof." The retainer agreement assessed an annual interest rate of 18% upon an outstanding balance when a client defaulted on the payment of a bill. The interest that may be charged on such an outstanding balance is not subject to the limitations on the rate of interest imposed by General Obligations Law § 5-501 because the underlying obligation does not constitute a loan or forbearance (*see Matias v Arango*, 289 AD2d 459, 460 [2001]). The Supreme Court's reliance on *Eikenberry v Adirondack Spring Water Co.* (65 NY2d 125 [1985]) for the proposition that the retainer agreement was subject to General Obligations Law § 5-501 is misplaced, as the subject agreements in that case that were found to be usurious "were concededly made in consideration of [the] plaintiff's forbearance from suit—the summons and complaint were already in the hands of a process server—and [we]re therefore 'forbearances' within the usury law" (*id.* at 127-128). Additionally, the 18% annual interest rate applicable here was not usurious because it involved interest to be paid based upon a contingency within the control of the debtor—in this case, default in the payment of an agreed-upon obligation—and the debtor could have avoided the imposition of such charges simply by paying promptly (*see Kraus v Mendelsohn*, 97 AD3d 641, 641 [2012]; *Waterbury v City of Oswego*, 251 AD2d 1060, 1060 [1998]; *Emigrant Mtge. Co., Inc. v Markland*, 37 Misc 3d 1230[A], 2012 NY Slip Op 52245[U], *4 [Sup Ct, Kings County 2012]). Further, the retainer agreement was not a contract of adhesion because no evidence exists that the plaintiff employed high pressure tactics or deceptive language and that the parties' bargaining power was unequal (*see Morris v Snappy Car Rental*, 84 NY2d 21, 30 [1994]; *Berger-Vespa v*

*Rondack Bldg. Inspectors*, 293 AD2d 838, 841 [2002]; *Brower v Gateway 2000*, 246 AD2d 246, 252 [1998]). Moreover, the defendant could have retained another law firm to perform the requested legal services (*see Brower v Gateway 2000*, 246 AD2d at 252). Accordingly, the Supreme Court should not have searched the record and awarded the defendant summary judgment dismissing the complaint, declaring that the agreement between the plaintiff and the defendant dated April 30, 2010, is null, void, cancelled, and of no force and effect, and barring, enjoining, and prohibiting the plaintiff and its successors and assigns from enforcing or attempting to enforce the agreement or any portion thereof.

Upon reargument, the Supreme Court, however, properly adhered to so much of its original determination as denied the plaintiff's motion for summary judgment on the complaint. Although the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the retainer agreement, the unpaid bills, and evidence that the defendant received and retained the plaintiff's bills without objection (*see Sullivan v REJ Corp.*, 255 AD2d 308, 308 [1998]; *Moses & Singer v S&S Mach. Corp.*, 251 AD2d 271, 271 [1998]), in opposition, the defendant, appearing pro se, raised triable issues of fact by submitting her own handwritten statements alleging that the plaintiff overbilled her and acted unprofessionally and unethically, and made her sign documents under duress. Even if the defendant failed to timely object to the plaintiff's invoices, the defendant is not bound by them as accounts stated in the event of fraud, mistake, or other relevant equitable considerations (*see Marchi Jaffe Cohen Crystal Rosner & Katz v All-Star Video Corp.*, 107 AD2d 597, 599 [1985]; *Lapidus & Assoc., LLP v Elizabeth St., Inc.*, 25 Misc 3d 1226[A], 2009 NY Slip Op 52306[U], \*2 [Sup Ct, NY County 2009], *affd* 92 AD3d 405 [2012]).

In light of certain passages contained in the Supreme Court's orders that may be indicative of bias, we direct that further proceedings in connection with this matter be heard by a different Supreme Court Justice. Dillon, J.P., Leventhal, Chambers and Maltese, JJ., concur.