72nd Ninth LLC v 753 Ninth Ave Realty LLC (2019 NY Slip Op 00554)





72nd Ninth LLC v 753 Ninth Ave Realty LLC


2019 NY Slip Op 00554


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8220 850009/16

[*1]72nd Ninth LLC, Plaintiff-Respondent,
v
753 Ninth Ave Realty LLC, et al., Defendants-Appellants, New York State Department of Taxation and Finance, et al., Defendants.


Kishner Miller Himes, P.C., New York (Ryan O. Miller of counsel), for appellants.
Kriss & Feuerstein LLP, New York (Greg A. Friedman of counsel), for respondent.



Order, Supreme Court, New York County (Ellen M. Coin, J.), entered April 20, 2017, and amended May 26, 2017, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its complaint against defendants-appellants and dismissed the affirmative defenses of usury and failure to comply with CPLR 3408, unanimously affirmed, without costs.
Construing the clear and unambiguous terms of CPLR 3408 and RPAPL 1304 so as to give effect to their plain meaning and to effectuate the intent of the Legislature (see Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60 [2013]), we conclude that the loan at issue is not a "home loan" covered by CPLR 3408 (see Independence Bank v Valentine, 113 AD3d 62, 66 [2d Dept 2013]).
Appellants' usury defense was properly dismissed since the loan was made to a corporation. A civil usury defense may not be invoked by a corporation (General Obligations Law § 5-521[1]), or the individual guarantor of a corporation's debt (Bankers Trust Co. v Braten, 184 AD2d 239 [1st Dept 1992], lv denied 81 NY2d 702 [1993]). Appellants have failed to raise an issue of fact as to whether the corporate form was used to conceal a usurious loan to the individual guarantor, Evanthia Koustis (see Schneider v Phelps, 41 NY2d 238, 241-242 [1977]). Rather, the record demonstrates that Evanthia Koustis transferred her ownership of the residential property to defendant 212 East 72nd Street LLC in connection with obtaining a prior loan (see Cohen v Gateway Bldrs. Realty, Inc., 43 Misc 3d 1228[A], at *5 [Sup Ct, Kings County, May 27, 2014]).
The applicable interest rate was well below the 16% statutory maximum interest rate (General Obligations Law § 5-501[1]; Banking Law § 14-a[1]), and the interest rate applicable upon default does not fall within the prohibition of the usury statute (see Bryan L. Salamone, P.C. v Russo, 129 AD3d 879, 881 [2d Dept 2015]; Kraus v Mendelsohn, 97 AD3d 641 [2d Dept 2012]).
In addition, the usury statute does not apply to loans, like the one at issue in this case, that are for amounts greater than $2.5 million (General Obligations Law § 5-501[6][b]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK