Unisol, Inc. v Kidron (2020 NY Slip Op 01268)





Unisol, Inc. v Kidron


2020 NY Slip Op 01268


Decided on February 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11094 162276/14 20498/15E

[*1] Unisol, Inc., Plaintiff-Respondent,
v
Adam Elia Kidron, Defendant-Appellant, Wells Fargo Bank, N.A., et al., Defendants.
Adam Elia Kidron, Plaintiff-Appellant,
v
Unisol, Inc., Defendant-Respondent.


Kaplan Rice LLP, New York (Joseph A. Matteo of counsel), for appellant.
Santamarina & Associates, New York (Kacy Popyer of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth González, J.), entered December 20, 2018, which granted plaintiff Unisol, Inc.'s motion for summary judgment on its claims for breach of contract and account stated, and order, same court and Justice, entered April 9, 2019, which amended the December 20, 2018 order to reflect that the underlying action is disposed of in its entirety and is no longer active, unanimously affirmed, with costs.
Plaintiff Unisol established prima facie that it is entitled to summary judgment on its breach of contract cause of action by submitting evidence that it was entitled to payment for its labor and materials supplied, pursuant to a time and materials arrangement, upon the approval of its invoices by defendant Kidron's architect-agent, who had deemed Unisol's services satisfactory. In opposition, Kidron failed to raise an issue of fact. The parties' agreement did not grant him the right to approve or reject Unisol's work after his agent had signed off on it. Moreover, Kidron's contractual grace period for raising objections to architect-approved invoices had expired before he raised any specific objections to the challenged invoices.
Contrary to Kidron's argument, Unisol's account stated claim is independent of its breach of contract claim (see Duane Reade v Cardinal Health, Inc., 21 AD3d 269 [1st Dept 2005]; see also Zanani v Schvimmer 50 AD3d 445 [1st Dept 2008]). Unisol established prima facie that it supplied labor and materials for the project and invoiced Kidron weekly for payment on those services and materials, as the parties' agreement required, and that Kidron paid some of the outstanding invoices pursuant to a subsequently arranged payment plan and then made no further payments. Kidron made no specific objections about the quality of Unisol's work until after Unisol had exercised its contractual right to leave the project for non-payment and after Kidron's lender had denied his pending loan application (see Mintz & Gold LLP v Diabes, 125 AD3d 488 [1st Dept 2015]). Kidron's time to object had already expired. For the same reason, the court correctly dismissed Kidron's counterclaims alleging that Unisol's work was substandard.
We reject Kidron's argument that summary judgment was premature because he did not have the opportunity to take certain discovery. Kidron failed to provide an evidentiary basis for concluding that discovery might lead to relevant evidence (see CPLR 3212[4]; Bailey v New [*2]York City Tr. Auth., 270 AD2d 156, 157 [1st Dept 2000]). He also failed to demonstrate that the facts he needed were exclusively within Unisol's knowledge (see Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 102-103 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). Moreover, Kidron delayed unreasonably in pursuing the discovery (see Unisource, Inc. v Wolfe, 169 AD2d 567 [1st Dept 1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2020
CLERK