Suverant LLC v Brainchild, Inc. (2021 NY Slip Op 00918)





Suverant LLC v Brainchild, Inc.


2021 NY Slip Op 00918


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Index No. 650746/18 Appeal No. 13112 Case No. 2019-04408 

[*1]Suverant LLC, Plaintiff-Respondent-Appellant,
v
Brainchild, Inc., et al., Defendants-Appellants-Respondents, Brainchild Holdings LLC, Defendant-Respondent, The Arrivals or Arrivals NY et al., Defendants.


Klehr Harrison Harvey Branzburg LLP, New York (Matthew J. McDonald of counsel), for appellants-respondents.
Gunay Law, P.C., New York (Petek Gunay Balatsas of counsel), for respondent-appellant.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 26, 2019, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint as against Brainchild Holdings LLC (Holdings) and the claim for fraud/fraudulent inducement against all defendants, and denied the motion as to the claims for account stated, quantum meruit/unjust enrichment and tortious interference with contract and the claims against defendants Arrivals LLC, KVK, and Vepuri, unanimously modified, on the law, to grant the motion as to the breach of contract cause of action as against defendants KVK and Vepuri without prejudice and the account stated and quantum meruit/unjust enrichment claims as against defendants Brainchild & Company, Inc. (Brainchild) and Vepuri, and otherwise affirmed, without costs.
The complaint alleges that in its apparel manufacturing business plaintiff dealt primarily with defendant Arrivals LLC, which, along with the other corporate defendants, is owned or controlled by defendant Vepuri, and that defendants have not paid plaintiff pursuant either to invoices sent to them or to a payment plan agreement entered into in December 2017 between plaintiff and defendant Brainchild. Defendants do not dispute that the complaint states a cause of action for breach of contract against Brainchild. However, they argue that it does not state a cause of action against Arrivals LLC and that defendants KVK and Vepuri cannot be held liable on an alter ego theory. Defendants' contention that the December 2017 agreement superseded the earlier agreements between plaintiff and Arrivals LLC is unavailing. The December 2017 agreement, submitted by plaintiff in opposition to the motion, shows that it was expressly conditioned on Brainchild's making the required payments and that plaintiff otherwise reserved all rights and remedies. Given the allegation that plaintiff's dealings were with Arrivals LLC, the complaint states a cause of action for breach of contract against Arrivals LLC as well.
However, the allegations in the complaint do not warrant piercing the corporate veil to hold KVK, Vepuri, or Holdings liable. Although the complaint alleges that there was overlapping ownership and common office space, it does not allege that KVK, Vepuri or Holdings completely dominated and controlled Brainchild and that this domination was used to commit a fraud or wrong causing injury to plaintiff (see Fantazia Intl. Corp. v CPL Furs N.Y., Inc., 67 AD3d 511 [1st Dept 2009]). There is no allegation that KVK, Holdings, or Brainchild were not legitimate businesses or were created for the improper purpose of making it impossible for plaintiff to collect on the contracts, or that corporate funds were purposefully diverted to make Brainchild judgment-proof. The complaint does not allege that Vepuri acted in his individual capacity or that he transferred personal funds in and out of corporate defendants without regard to formality [*2]and to suit his immediate convenience (see Art Capital Bermuda Ltd. v Bank of N.T. Butterfield & Son Ltd., 169 AD3d 426, 427 [1st Dept 2019], citing Walkovszky v Carlton, 18 NY2d 414, 418-419 [1966]). With the exception of his involvement in one meeting, the complaint is silent about what Vepuri did or said or how he allegedly controlled any of the decisions made by the corporate defendants.
The account stated and unjust enrichment claims must be dismissed as against Brainchild, because there is a valid contract between plaintiff and Brainchild (see Cox v NAP Constr. Co., Inc., 10 NY3d 592, 607 [2008]; Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc., 95 AD3d 434, 438 [1st Dept 2012]). Both claims must be also be dismissed as against Vepuri. As to the unjust enrichment claim, there are no allegations of a "relationship between the parties that could have caused reliance or inducement" and that is not "too attenuated" (Georgia Malone & Co., Inc. v Rieder, 19 NY3d 511, 517 [2012]). As to the account stated claim, there are no allegations that Vepuri contracted to receive bills and invoices and did not protest within a reasonable time (see Bartning v Bartning, 16 AD3d 249, 250 [1st Dept 2005]).
The fraud/fraudulent inducement claim was correctly dismissed, because it merely alleges that defendants did not intend to meet their contractual obligations (see Bronx Store Equip. Co. v Westbury Brooklyn Assoc., 280 AD2d 352, 352 [1st Dept 2001]).
Liberally construed, the complaint states a cause of action for tortious interference with contract against a John Doe entity alleged to be a senior lender of Brainchild (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]).
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021