Vanpoy Corp., S.R.L. v Soleil Chartered Bank (2022 NY Slip Op 02381)

Vanpoy Corp., S.R.L. v Soleil Chartered Bank

2022 NY Slip Op 02381

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Webber, Gesmer, Oing, JJ. 

Index No. 650406/17 Appeal No. 15706 Case No. 2021-02094 

[*1]Vanpoy Corp., S.R.L., Plaintiff-Respondent,
v
Soleil Chartered Bank, Defendant-Appellant.

Peyrot & Associates, P.C., New York (David C. Van Leeuwen of counsel), for appellant.
Chalos & Co, P.C., Oyster Bay (Melissa D. Russo of counsel), for respondent.

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered February 25, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its breach of contract claim, and denied defendant's motion for partial summary judgment dismissing plaintiff's account stated claim, unanimously modified, on the law, to grant defendant's motion for partial summary judgment dismissing plaintiff's account stated claim, and otherwise affirmed, with costs to defendant.
Supreme Court properly determined that plaintiff established its breach of contract claim by submitting prima facie evidence of the Standby Letter of Credit, authenticated SWIFT documents satisfying the Standby Letter of Credit's express condition to payment, authenticated SWIFT documents from defendant and testimonial evidence showing defendant failed to repay plaintiff the outstanding invoices in full, and evidence of damages in the form of a remaining balance of $380,140.80 (see generally Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]).
Defendant failed to raise a triable issue of fact warranting denial of summary judgment in favor of plaintiff on its breach of contract claim. The Court of Appeals has held that "letters of credit must be strictly construed and performed in compliance with their stated terms . . . Thus, to make an issuing bank's payment obligation conditional, the parties must clearly and explicitly set forth that requirement on the face of the letter of credit. A corollary to these rules, as with all written agreements, is that ambiguity does not arise from silence, but from 'what was written so blindly and imperfectly that its meaning is doubtful'" (Nissho Iwai Europe v Korea First Bank, 99 NY2d 115, 121-122 [2002]; see BasicNet S.p.A. v CFP Servs. Ltd., 127 AD3d 157, 165-166 [1st Dept 2015]). "Under New York law, in order to recover on its claim that the issuer wrongfully refused to honor its request to draw down on a letter of credit, the beneficiary must prove that it strictly complied with the terms of the letter of credit. 'The corollary to the rule of strict compliance is that the requirements in letters of credit must be explicit, and that all ambiguities are construed against the [issuer].' The reasoning is that '[s]ince the beneficiary must comply strictly with the requirements of the letter, it must know precisely and unequivocally what those requirements are'" (BasicNet S.p.A., 127 AD3d at 165-166 [internal citations omitted]; see also Barclay Knitwear Co. v King'swear Enters., 141 AD2d 241, 246-247 [1st Dept 1988], appeal denied 74 NY2d 605 [1989]).
The Standby Letter of Credit here had only one explicit condition to defendant's issuance of payment — defendant had to receive plaintiff's authenticated SWIFT demand with reference to the Standby Letter of Credit number, which stated that nonparty customer Chart and Capstone Integrated SARL (C&C) defaulted in settlement of the payment for [*2]fish supplied and that remains unpaid. It is undisputed and supported by the evidence that plaintiff's bank Banco Santander Uruguay (Santander) repeatedly sent authenticated SWIFT demands referencing the Standby Letter of Credit and stating C&C defaulted on paying the outstanding invoices. While the Standby Letter of Credit states "the claim if any must be in compliance to the other terms governing the issuance," this provision is ambiguous and must be construed against defendant. Nowhere in the Standby Letter of Credit does it state or even imply that plaintiff was required to submit the original bills of lading prior to issuance of payment by defendant. This Court will not read a provision into the parties' agreement that was not there.
In addition, plaintiff's right to collect under the Standby Letter of Credit is completely independent and separate from any issues related to the underlying purchase contract between plaintiff and C&C (First Commercial Bank v Gotham Originals, 64 NY2d 287, 294 [1985]; see also UCC 5-103[d]; Banco Nacional De Mexico, S.A., Integrante Del Grupo Financiero Banamex v Societe Generale, 34 AD3d 124, 128-129 [1st Dept 2006]).
There is no evidence that the underlying transaction was fraudulent. Plaintiff's witnesses testified the original bills of lading were provided to C&C with the fish shipments so plaintiff could not have provided them to defendant, even if it had wanted to do so. In addition, defendant's own witness admitted it received the bills of lading and other documentation, and therefore had proof this transaction was not fraudulent.
The account stated claim should be dismissed as duplicative of the breach of contract claim. Here, the account stated claim is being utilized simply as another means of collection under the Standby Letter of Credit (Martin H. Bauman Assoc. v H & M Intl. Transp., 171 AD2d 479, 485 [1st Dept 1991]; see also Hagman v Swenson, 149 AD3d 1, 7 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022