Aronson Mayefsky & Sloan, LLP v Praeger (2024 NY Slip Op 02657)

Aronson Mayefsky & Sloan, LLP v Praeger

2024 NY Slip Op 02657

Decided on May 14, 2024

Appellate Division, First Department

KERN, J.P., 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Cynthia S. Kern
Peter H. Moulton Ellen Gesmer Manuel Mendez Marsha D. Michael

Index No. 153999/23 Appeal No. 1881 Case No. 2023-04617 

[*1]Aronson Mayefsky & Sloan, LLP, et al., Respondents,
v
Lawrence Praeger, Appellant.

Defendants appeal from an order of the Supreme Court, New York County (Louis L. Nock, J.), entered August 28, 2023, which granted plaintiff law firms' motion for summary judgment on their claims for legal fees based on an account stated and dismissing defendant's counterclaim, and denied defendant's cross-motion for summary judgment dismissing plaintiffs' claims based on an account stated.

Law Offices of Howard B. Felcher, PLLC, New York (Howard B. Felcher of counsel), for appellant.
Aronson Mayefsky & Sloan, LLP, New York (Allan E. Mayefsky of counsel), for respondents.

KERN, J.P., 

The primary argument raised by defendant on this appeal is that the court erred in failing to dismiss plaintiffs' account stated claims as duplicative of their breach of contract claims. Although it has long been the rule that a plaintiff may simultaneously assert both an account stated claim and a breach of contract claim arising from the same contractual relationship (see Unisol, Inc. v Kidron, 180 AD3d 570, 571 [1st Dept 2020]; Skylink Travel, Inc. v Jain Holdings LLC, 189 AD3d 517 [1st Dept 2020]; WebMD LLC v Aid in Recovery, LLC, 166 AD3d 447 [1st Dept 2018]; Duane Reade v Cardinal Health, Inc., 21 AD3d 269, 269-270 [1st Dept 2005]; Edge Mgt. Corp. v Crossborder Exch. Corp., 304 AD2d 422 [1st Dept 2003]; Glazer v Falberg, 85 AD2d 938 [1st Dept 1981]), there have been some recent decisions from the First Department that have suggested that an account stated claim is duplicative of a breach of contract claim (see Vanpoy Corp., S.R.L. v Soleil Chartered Bank, 204 AD3d 486 [1st Dept 2022]; Dubinsky v Levine, 200 AD3d 574 [1st Dept 2021]; Suverant LLC v Brainchild, Inc., 191 AD3d 513 [1st Dept 2021]). As a result of these inconsistencies in our decisions, there has been some confusion in the trial courts as to what rule should be applied (see e.g. VikXS Servs., Inc. v Hudson Meridian Constr. Group, 2023 NY Slip Op 31350[U] [Sup Ct, NY County 2023]; Ingram Yuzek Gainen Carroll & Bertolotti, LLP v McCullar, 75 Misc 3d 1211[A], 2022 NY Slip Op 50466[U] [Sup Ct, NY County 2022]). As will be explained more fully below, the purpose of this decision is to make clear that the rule in the First Department is that an account stated claim is an independent cause of action that is not duplicative of a claim for breach of contract (see Unisol, Inc., 180 AD3d at 571 [affirming the grant of summary judgment to the plaintiff on account stated and breach of contract claims, finding that an account stated claim is "independent of" a breach of contract claim]; Duane Reade, 21 AD3d at 269-270).
Plaintiffs Aronson Mayefsky & Sloan, LLP (AMS) and Mosberg Sharma Stambleck & Gross, LLP (MSSG) represented defendant in his divorce action pursuant to a retainer agreement between defendant and AMS dated January 16, 2019, and a retainer agreement between defendant and MSSG dated January 20, 2022. AMS and MSSG rendered bills to defendant on a monthly basis, but defendant's payments [*2]stopped after September 30, 2022. AMS and MSSG continued to represent defendant from October 2022 through the end of January 2023. Defendant did not express dissatisfaction with the quality of the work performed and he did not express an inability to pay. From time to time, AMS and defendant would agree upon accommodations reducing some of the amounts owed. Ultimately, due to defendant's continued failure to pay, AMS and MSSG moved to withdraw as counsel, and that motion was granted.
Plaintiffs commenced this action seeking to recover legal fees and disbursements they incurred while representing defendant in his divorce. They asserted claims for account stated and breach of the retainer agreement and defendant asserted a counterclaim seeking a refund of certain fees paid to plaintiffs during their representation. Plaintiffs moved for summary judgment on their account stated claims and for dismissal of defendant's counterclaim on the ground that defendant entered into an accord and satisfaction of the counterclaim. Defendant cross-moved for summary judgment dismissing plaintiffs' claims for an account stated. The court found that plaintiffs were entitled to summary judgment on their account stated claims and dismissal of defendant's counterclaim.
Some background regarding a claim for account stated will be helpful in understanding why an account stated claim is not duplicative of a claim for breach of contract, whereas some other claims are routinely dismissed as being duplicative of a breach of contract claim (see e.g. Eagle v Emigrant Sav. Bank, 148 AD3d 476, 477 [1st Dept 2017] [unjust enrichment claim dismissed as duplicative of breach of contract claim]; Chowaiki & Co. Fine Art Ltd. v Lacher, 115 AD3d 600, 600-601 [1st Dept 2014] [breach of fiduciary duty and fraud claims dismissed as duplicative of breach of contract claim]). An account stated has long been defined as an "account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance" (Morrison Cohen Singer & Weinstein v Ackerman, 280 AD2d 355, 355-356 [1st Dept 2001][internal quotation marks omitted]). It "is an agreement, independent of the underlying agreement, regarding the amount due on past transactions" (Duane Reade, 21 AD3d at 269-270 [internal quotation marks omitted; emphasis omitted][finding the court's prior order dismissing the counterclaim for an account stated does not preclude amending the pleading to add a counterclaim for breach of contract]). A "defendant's receipt and retention of the plaintiff law firm's invoices seeking payment for professional services rendered, without objection within a reasonable time, [gives] rise to an actionable account stated, thereby entitling the plaintiff to summary judgment in its favor" (Ruskin, Moscou, Evans & Faltischek v FGH Realty Credit Corp., 228 AD2d 294, 295 [1st Dept 1996]). When a law firm is asserting an account [*3]stated claim, it "does not have to establish the reasonableness of its fee" because the client's act of retaining the invoice without objection will be considered acquiescence as to its correctness (Lapidus & Assoc., LLP v Elizabeth St., Inc., 92 AD3d 405, 405-406 [1st Dept 2012][internal quotation marks omitted]).
Based on the application of these rules, this Court has issued numerous decisions where we granted summary judgment to attorneys on their claims for an account stated based on their clients having received and retained invoices for professional services rendered, and having failed to object within a reasonable time (see e.g. Mintz & Gold LLP v Daibes, 125 AD3d 488 [1st Dept 2015]; Berkman Bottger & Rodd, LLP v Moriarty, 58 AD3d 539 [1st Dept 2009]; Morrison Cohen Singer & Weinstein, LLP v Waters, 13 AD3d 51 [1st Dept 2004]; Marchi Jaffe Cohen Crystal Rosner & Katz v All-Star Video Corp., 107 AD2d 597 [1st Dept 1985]; Glazer v Falberg, 85 AD2d 938). We granted summary judgment on account stated claims in these actions despite the fact that there was a retainer agreement entered into by the parties that could have been the basis for a breach of contract claim. This Court did not hold in any of these decisions that an attorney cannot recover on its account stated claim because it was duplicative of a claim to recover for breach of a retainer agreement.
There has been a very narrow exception to the long-established rule that a plaintiff may assert both an account stated claim and a claim for breach of contract, where the plaintiff is attempting to use a claim for an account stated "simply as another means to attempt to collect under a disputed contract" (Martin H. Bauman Assoc. v H & M Intl. Transp., 171 AD2d 479, 485 [1st Dept 1991][no viable claim for account stated where the defendant objected to the purported account stated and existence of the underlying contract between the parties has not yet been established]; see Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc., 95 AD3d 434, 438 [1st Dept 2012][no viable claim for account stated because issues of fact existed "as to whether the parties had a binding oral contract and as to whether plaintiff agreed to a contingent fee arrangement"]). In these exception cases, we did not hold that the account stated claim was duplicative of the breach of contract claim. Rather, we found that it was not a sustainable claim because a contractual relationship had not been established whereby the defendant agreed to pay for the services or goods provided by plaintiff.
However, as mentioned above, some recent decisions from the First Department have not applied the established rule that an account stated claim is an independent cause of action and therefore not duplicative of a breach of contract claim (see Vanpoy Corp., S.R.L. v Soleil Chartered Bank, 204 AD3d 486, 487-488 [account stated claim dismissed as duplicative because it was being asserted merely as another means of collection under a standby [*4]letter of credit]; Dubinsky, 200 AD3d at 574 [account stated claim dismissed as duplicative of breach of contract claim]; Suverant LLC, 191 AD3d at 515 [account stated claim dismissed because there was a valid contract between the parties]). To the contrary, these cases each held that an account stated claim should be dismissed on the ground that it was duplicative of a breach of contract claim. As a result of these inconsistencies in our decisions, there has been some confusion in the trial courts as to whether an account stated claim can be asserted simultaneously with a breach of contract claim (see e.g. VikXS Servs., Inc.,2023 NY Slip Op 31350[U]; Ingram Yuzek Gainen Carroll & Bertolotti, LLP, 2022 NY Slip Op 50466[U], *1 ["With respect to plaintiff's account-stated cause of action, there appears to be at least some inconsistency among decisions of the Appellate Division, First Department, about whether and when a plaintiff may simultaneously assert breach-of-contract and account-stated claims arising from the same contractual relationship"]).
Therefore, this Court wants to make clear that an account stated is an independent cause of action that can be asserted simultaneously with a breach of contract claim and that an account stated claim should not be dismissed as duplicative of a breach of contract claim (see Unisol, Inc., 180 AD3d at 571; Duane Reade, 21 AD3d at 269-270). This case falls squarely within our well-established precedent that an attorney can be granted summary judgment on an account stated claim based on the defendant's receipt and retention of a plaintiff law firm's invoices seeking payment for professional services rendered, without objection within a reasonable time, even where there is a retainer agreement. As a result, the court properly granted summary judgment to plaintiffs on their account stated claims.
Additionally, plaintiffs were entitled to dismissal of defendant's counterclaim for return of legal fees for work performed from January 2019 through September 2022, based on an accord and satisfaction (see Nationwide Registry & Sec. v B&R Consultants, 4 AD3d 298, 299-300 [1st Dept 2004]). Defendant agreed in writing to pay a reduced amount of fees in full satisfaction of the outstanding balance. Thus, defendant is precluded from recovering any of those legal fees (see id.).
Accordingly, the order of the Supreme Court, New York County (Louis L. Nock, J.), entered August 28, 2023, which granted plaintiff law firms' motion for summary judgment on their claims for legal fees based on an account stated and dismissing defendant's counterclaim, and denied defendant's cross-motion for summary judgment dismissing plaintiffs' claims based on an account stated, should be affirmed, without costs.
Order, Supreme Court, New York County (Louis L. Nock, J.), entered August 28, 2023, affirmed, without costs.
Opinion by Kern, J.P. All concur.
Kern, J.P., Moulton, Gesmer, Mendez, Michael, JJ.
THIS CONSTITUTES [*5]THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024