■ Morse, Zelnick, Rose & Lander, LLP, Respondent, v Ronnybrook Farm Dairy, Inc., Appellant. [939 NYS2d 365]—

There is a triable issue of fact as to whether the preconditions to the payment of plaintiff's note have been satisfied. The May 25, 2000 promissory note, which is the basis for this action, and the May 25, 2000 letter agreement must be read together (*see e.g. BWA Corp. v Alltrans Express U.S.A.*, 112 AD2d 850, 852 [1985]). The letter agreement provides that "the repayment of the note held by [plaintiff] shall be subordinate and subject to the repayment of the notes . . . or the payment of any Liquidation Preference on the Series A Preferred Shares." Unlike the note, the letter agreement does not merely contain a subordination clause. Rather, it also contains conditions precedent to the payment of plaintiff's note. The letter agreement further provides that "[a]fter the notes have been repaid in full or after [nonparty] Sofisco and [nonparty] Osofsky have received the entire Liquidation Preference with respect to the Series A Preferred Shares that they hold, [defendant] shall repay the note held by [plaintiff]." Thus, one of the conditions precedent to repayment on the note is payment in full of the Sofisco and Osofsky notes.

Defendant submitted the affidavit of its president, stating that the Osofsky note has not been satisfied. It was error for the motion court to assume that conversion of the Sofisco and Osofsky notes into Series A Preferred Shares is the same as repayment of the notes. Were that the case, there would not be any need for the letter agreement to provide a choice of two conditions precedent, namely, repayment of the notes *or* payment of the entire Liquidation Preference on the Series A

Preferred Shares. "A reading of the contract should not render any portion meaningless" (*Beal Sav. Bank v Sommer*, 8 NY3d 318, 324 [2007]). Thus, since it is unclear whether the conditions precedent have been met, plaintiff is not entitled to summary judgment (*see Citicorp Intl. Trading Co., Inc. v Western Oil & Ref. Co., Inc.*, 790 F Supp 428, 434 [SD NY 1992]).

In light of the above disposition, it is unnecessary to reach defendant's arguments that plaintiff's summary judgment motion should have been denied because heightened standards apply to transactions between attorneys and their clients, and plaintiff may have violated the Code of Professional Responsibility. In any event, these arguments are unpreserved and may not be raised for the first time on appeal (*see e.g. Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313 [2000]). Concur—Mazzarelli, J.P., Catterson, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ. [**Prior Case History: 2011 NY Slip Op 31006(U).**]