■ STUART F. SHAW, Respondent, v JOEL J. SILVER et al., Appellants, et al., Defendants. [943 NYS2d 89]—

Judgment, Supreme Court, New York County (Saliann Scarpulla, J.), entered March 24, 2011, awarding plaintiff the amounts of $230,273.53 as against Joel J. Silver, Ethan Eldon, and other defendants who are not parties to this appeal, $115,743.85 as against Mr. Silver, and $370,038.58 as against Mr. Silver and Esther Silver, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about March 22, 2011, which found in plaintiff's favor after a nonjury trial, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff's bills were sufficient to create an account stated (*see e.g. Zanani v Schvimmer*, 50 AD3d 445, 446 [2008]). The account stated was not impeached by an error that was rectified at trial (*see O'Connell & Aronowitz v Gullo*, 229 AD2d 637, 639 [1996], *lv denied* 89 NY2d 803 [1996]; *see also Geron v DeSantis*, 89 AD3d 603, 604 [2011]).

"[W]here an account is rendered showing a balance, the party receiving it must, within a reasonable time, examine it and object, if he disputes its correctness. If he omits to do so, he will be deemed by his silence to have acquiesced, and will be bound by it as an account stated, unless fraud, mistake or other equitable considerations are shown" (*Peterson v Schroder Bank & Trust Co.*, 172 AD2d 165, 166 [1991] [internal quotation marks omitted]; *see also Rosenman Colin Freund Lewis & Cohen v Neuman*, 93 AD2d 745, 746 [1983]). Defendants-appellants (hereinafter defendants) do not claim fraud or mistake. We find no equitable considerations that would prevent defendants' silence from being deemed acquiescence to plaintiff's bills. Furthermore, insofar as the bills for *Beta v Eldon* are concerned, there was not merely "retention of bills without objection" (*Morrison Cohen Singer & Weinstein, LLP v Waters*, 13 AD3d 51, 52 [2004]), there was also partial payment (*see id.*; *see also e.g. Parker Chapin Flattau & Klimpl v Daelen Corp.*, 59 AD2d 375, 378 [1977]).

Defendants' contention that plaintiff's fees were unreasonable is unavailing; "it is not necessary to establish the reasonableness of the fee since the client's act of holding the statement without objection will be construed as acquiescence as to

its correctness" (*Cohen Tauber Spievak & Wagner, LLP v Alnwick*, 33 AD3d 562, 562-563 [2006], *lv dismissed* 8 NY3d 840 [2007] [internal quotation marks omitted]). Defendants' argument that plaintiff violated the Code of Professional Responsibility is "unpreserved and may not be raised for the first time on appeal" (*Morse, Zelnick, Rose & Lander, LLP v Ronnybrook Farm Dairy, Inc.*, 92 AD3d 579, 580 [2012]). Concur—Mazzarelli, J.P., Acosta, Renwick and Richter, JJ.