■ GARD ENTERTAINMENT, INC., Respondent-Appellant, v COUNTRY IN NEW YORK, LLC, Defendant, and ADAM R. BLOCK, Appellant-Respondent. [948 NYS2d 42]—

Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered August 29, 2011, awarding plaintiff the total amount of $391,578.92 as against defendant Adam R. Block and dismissing the complaint as against defendant Country in New York, LLC (Country) pursuant to an order, same court and Justice, entered May 3, 2011, which, inter alia, granted plaintiff's motion for summary judgment in lieu of complaint as against Block, denied plaintiff's motion as against Country, and dismissed the complaint as against Country, unanimously affirmed, without costs. Appeals from the above order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

"[A] guarantee agreement is separate and distinct from the contract between lender and borrower" (*Kinville v Jarvis Real Estate Holdings, LLC*, 38 AD3d 1225, 1227 [2007] [internal quotation marks omitted]). "While ordinarily the liability of a guarantor will not exceed in scope that of his principal, the guarantee is a separate undertaking and may impose lesser or even greater collateral responsibility on the guarantor" (*American Trading Co. v Fish*, 42 NY2d 20, 26 [1977]). Where a guarantee specifically imposes liability on the guarantor, it will be enforceable even though the principal escapes liability (*see Bank of N. Am. v Shapiro*, 31 AD2d 465, 466 [1969]).

Here, plaintiff established its entitlement to summary judgment as against Block by demonstrating proof of the guarantee he made in connection with a note executed by Country and his failure to make payments called for by its terms. The burden

shifted to Block to come forward with evidentiary proof sufficient to raise an issue as to an affirmative defense to the payment on the guarantee (*see e.g. Gateway State Bank v Shangri-La Private Club for Women*, 113 AD2d 791, 792 [1985], *affd* 67 NY2d 627 [1986]; *Kornfeld v NRX Tech.*, 93 AD2d 772, 773 [1983], *affd* 62 NY2d 686 [1984]). Contrary to Block's contention, the guarantee he signed unconditionally guaranteed the payment of amounts due pursuant to the note signed by Country on the third anniversary date of the note, should Country fail to do so (*see Standard Brands v Straile*, 23 AD2d 363 [1965]).

Plaintiff, however, failed to establish its entitlement to summary judgment as to Country. The note states that it is subordinated to senior indebtedness as outlined therein and the record demonstrates that the conditions precedent for payment by Country have not been met (*see e.g. Morse, Zelnick, Rose & Lander, LLP v Ronnybrook Farm Dairy, Inc.*, 92 AD3d 579 [2012]).

Point I of plaintiff's reply brief contains an impermissible surreply and those arguments have been stricken. Concur—Saxe, J.P., Friedman, Renwick, DeGrasse and Richter, JJ.