WebMD LLC v Aid in Recovery, LLC (2018 NY Slip Op 07677)





WebMD LLC v Aid in Recovery, LLC


2018 NY Slip Op 07677


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Renwick, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


650497/16 7602 7601

[*1]WebMD LLC, Plaintiff-Respondent,
v
Aid in Recovery, LLC, Defendant-Appellant.


Greenberg Traurig, LLP, New York (Robert J. Kirshenberg of counsel), for appellant.
Browne George Ross, LLP, New York (Jeffrey A. Mitchell of counsel), for respondent.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered August 8, 2017, against defendant in plaintiff's favor, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about July 28, 2017, which granted plaintiff's motion for summary judgment on its complaint and dismissed the defense of failure to mitigate damages, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court correctly granted plaintiff summary judgment on its breach of contract cause of action. Defendant's claim that there is a question of fact as to the parties' intent to be bound is unavailing, given the written agreement signed by the parties (see e.g. Curtis Props. Corp. v Greif Cos., 212 AD2d 259, 266 [1st Dept 1995]); Defendant's reliance on Martin H. Bauman Assoc. v H & M Intl. Transp. (171 AD2d 479 [1st Dept 1991]) is misplaced, as the issue in that case was "whether the parties entered into a valid oral contract" (id. at 483 [emphasis added]). The question of Shane SantaCroce's authority to sign the contract on defendant's behalf is a separate issue from intent to be bound.
Plaintiff concedes that SantaCroce did not have actual authority to sign the contract on defendant's behalf. However, even if SantaCroce did not have apparent authority, defendant ratified the agreement by its acceptance of benefits flowing therefrom (see IRB-Brasil Resseguros, S.A. v Inepar Invs., S.A., 83 AD3d 573, 575 [1st Dept 2011], affd 20 NY3d 310 [2012], cert denied 569 US 994 [2013]). It is undisputed that plaintiff displayed defendant's advertisements on plaintiff's website and that people clicked on the advertisements.
The court also correctly granted plaintiff summary judgment on its account stated cause of action. Defendant claims that it disputed plaintiff's invoices, but submitted no evidence in support of the claim (see Scheichet & Davis, P.C. v Novahicka, 93 AD3d 478 [1st Dept 2012]). Defendant not only retained the invoices without objection for more than five months (see Spectra Audio Research v 60-86 Madison Ave. Dist. Mgt. Assn., 267 AD2d 23 [1st Dept 1999], lv dismissed 95 NY2d 791 [2000]), but also paid some of them (see Shaw v Silver, 95 AD3d 416 [1st Dept 2012]; Scheichet, 93 AD3d at 478; Morrison Cohen Singer & Weinstein v Ackerman, 280 AD2d 355, 356 [1st Dept 2001]). While the invoices do not reflect a credit that plaintiff gave defendant, plaintiff's summary judgment motion does reflect the credit (see Shaw, 95 AD3d at 416 ["The account stated was not impeached by an error that was rectified at trial"]).
Plaintiff moved not only for summary judgment on its complaint but also to dismiss the mitigation defense. Defendant failed to oppose that part of plaintiff's motion; hence, we decline [*2]to review the arguments defendant makes about mitigation on appeal (see Callisto Pharm., Inc. v Picker, 74 AD3d 545 [1st Dept 2010]; Lally v New York City Health & Hosps. Corp., 277 AD2d 9 [1st Dept 2000], appeal dismissed 96 NY2d 896 [2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK