| |
|---|
| **New Second Ave. Owner LLC v Grill on 2nd LLC** |
| 2024 NY Slip Op 31139(U) |
| April 3, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 156493/2022 |
| Judge: Louis L. Nock |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LOUIS L. NOCK                    PART               38M

*Justice*

-------------------------------------------------------------------------------X

NEW SECOND AVENUE OWNER LLC and 355 REALTY
CO., n/k/a BRAUSE SECOND AVENUE HOLDINGS LLC,

                                  Plaintiffs,

- v -

GRILL ON 2ND LLC and GARRETT P. DOYLE,

                                  Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156493/2022 |
| MOTION DATE | 05/10/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, and 29

were read on this motion by plaintiffs for          SUMMARY JUDGMENT (and cross-motion by defendants to dismiss)          .

LOUIS L. NOCK, J.S.C.

Plaintiffs have each moved for summary judgment by one unified notice of motion. As will be treated in detail hereinbelow, the court denies the motion, as moved by plaintiff New Second Avenue Owner LLC ("New Owner"), but grants the motion, as moved by plaintiff 355 Realty Co., n/k/a Brause Second Avenue Holdings LLC ("Prior Owner"). Defendants' cross-motion seeking dismissal of the complaint is granted as to claims asserted by New Owner, but is denied with regard to claims asserted by Prior Owner. Consequently, New Owner's claims are severed and dismissed.

It is undisputed that the parties to the lease and guaranty at the center of this action were between defendants and Prior Owner (Lease, NYSCEF Doc. No. 13; guaranty, NYSCEF Doc. No. 14). It is also undisputed that the lease terminated on May 31, 2022 (notice of termination, NYSCEF Doc. No. 15), prior to the sale of the premises to new owner (deed, NYSCEF Doc. No. 11). Neither the lease or the guaranty provides for its enforcement by a stranger to the agreement

[* 1]

after both agreements have expired, and plaintiffs have submitted no evidence that Prior Owner ever assigned its claims under the agreements to New Owner.

The motion is granted as to Prior Owner, and, consequently, the defendants' cross-motion seeking to dismiss Prior Owner's claims is denied. Prior owner has established prima facie entitlement to summary judgment by "the existence of the lease . . . the tenant's failure to pay the rent, the amount of the underpayment, and the calculation of the amounts due under the lease" (*Thor Gallery at S. Dekalb, LLC v Reliance Mediaworks (USA) Inc.*, 143 AD3d 498 [1st Dept 2016]). Plaintiff has also established prima facie entitlement to summary judgment against defendant Garrett P. Doyle ("Doyle"), by submission of the executed guarantee and proof of defendant' failure to pay sums owed thereunder (*Gard Entertainment, Inc. v Country in New York, LLC*, 96 AD3d 683, 683 [1st Dept 2012] ["Here, plaintiff established its entitlement to summary judgment as against Block by demonstrating proof of the guarantee he made in connection with a note executed by Country and his failure to make payments called for by its terms"]).

In opposition, defendants fail to raise a material issue of fact requiring trial (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). Nor do defendants establish that facts relevant to the action "essential to justify opposition may exist but cannot [now] be stated" (CPLR 3212[f]; *Morales v Amar*, 145 AD3d 1000, 1003 [2d Dept 2016] [The "mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion"]). Defendant Doyle asserts that summary judgment specifically against him is improper because certain of the rent arrears arose during a period covered by Administrative Code of the City of New York § 22-1005, often referred to as the "guaranty law." Serious doubts have been raised

**156493/2022  NEW SECOND AVENUE OWNER LLC ET AL vs. GRILL ON 2ND LLC ET AL**           **Page 2 of 4**
  **Motion No.  001**

2 of 4

as to the continuing viability of Section 22-1005 (*513 W. 26th Realty LLC v George Billis Galleries, Inc.*, 220 AD3d 525, 525 [1st Dept 2023]; *Dongqi 79 Alumni, Inc v United Pos Inc.*, 2023 NY Slip Op 32225[U], *6 [Sup Ct, New York County 2023]), and the court thus denies its invocation here.

Accordingly, it is hereby

ORDERED that the motion for summary judgment, as moved by plaintiff New Second Avenue Owner LLC, is denied, and the cross-motion by defendants to dismiss that plaintiff's claims is granted; and it is further

ORDERED that the complaint, insofar as it is brought by plaintiff New Second Avenue Owner LLC, is severed and dismissed; and it is further

ORDERED that the motion for summary judgment, as moved by plaintiff 355 Realty Co., now known as Brause Second Avenue Holdings LLC, is granted, and the cross-motion by defendants to dismiss that plaintiff's claims is denied; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of plaintiff Brause Second Avenue Holdings LLC, formerly known as 355 Realty Co., and against defendants, jointly and severally, in the amount of $330,463.37, with interest thereon at the statutory rate from February 4, 2021,[1] through entry of judgment, as calculated by the Clerk, together with costs and disbursements as taxed by the Clerk upon submission of an appropriate bill of costs; and it is further

ORDERED that plaintiff Brause Second Avenue Holdings LLC, formerly known as 355 Realty Co., is entitled to its reasonable attorneys' fees pursuant to the lease and guaranty, and the

---

[1] "Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (CPLR 5001[b]; *Kachkovskiy v Khlebopros*, 164 AD3d 568, 572 [2d Dept 2018]).

**156493/2022   NEW SECOND AVENUE OWNER LLC ET AL vs. GRILL ON 2ND LLC ET AL**          **Page 3 of 4**
  **Motion No.  001**

[* 3]

issue of the amount of such fees is severed and set down for a further hearing before the undersigned; and it is further

ORDERED that plaintiff Brause Second Avenue Holdings LLC, formerly known as 355 Realty Co., and the defendants may appear for said hearing in Room 1166, 111 Centre Street, New York, New York, on June 4, 2024, at 10:00 AM; and it is further

ORDERED that plaintiff Brause Second Avenue Holdings LLC, formerly known as 355 Realty Co., shall submit the documentation it intends to proffer in support of its fee application to defendant and the court on or before May 21, 2024.

This constitutes the decision and order of the court.

ENTER:

*[signature: Louis L. Nock]*

| 4/3/2024 | | LOUIS L. NOCK, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |