## Greater Shield LLC v NK 80 Maiden Owner LLC

2024 NY Slip Op 34506(U)

December 19, 2024

Supreme Court, New York County

Docket Number: Index No. 651199/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**

*Justice*

-----------------------------------------------------------------------------X

GREATER SHIELD LLC,D/B/A/ GROUND SUPPORT SERVICES,

                Plaintiff,

- v -

NK 80 MAIDEN OWNER LLC,WASSCO LLC,MAPLE 80 MAIDEN MINORITY OWNER LLC,WNK MAIDEN MANAGEMENT LLC,A.M. PROPERTY HOLDING CORP, NK MAIDEN OWNER LLC

                Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 11M |
| INDEX NO. | 651199/2024 |
| MOTION DATE | 07/15/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for              SUMMARY JUDGMENT(AFTER JOINDER    .

Upon the foregoing documents, plaintiff's motion for partial summary judgment is granted.

## Background

Greater Shield LLC, d/b/a Ground Support Services ("Plaintiff") provides security, janitorial, and other maintenance services to commercial buildings. In 2019, they were hired to service the building located at 80-90 Maiden Lane (the "Property"). This building was partly owned and managed by NK 80 Maiden Owner LLC, Wassco LLC, and Maple 80 Maiden Minority Owner LLC (collectively, "Defendants"). The parties signed two documents (collectively, the "Agreement") that stated, among other things, that any dispute over an invoice must describe the amount in dispute, issue and reason for the dispute, and be communicated in writing within 30 days of the invoice's billing date.

**651199/2024   GREATER SHIELD LLC, D/B/A/ GROUND SUPPORT SERVICES vs. NK 80 MAIDEN OWNER LLC ET AL**
**Motion No.  002**

**Page 1 of 4**

1 of 4

Plaintiff alleges that the invoices from September 2022 through May 31, 2023 (the "Invoices") have not to date been paid and that their service contract for the Property was improperly terminated. They brought suit in July 2024, pleading four causes of action. Defendants in turn allege that Plaintiff failed to adequately perform under the Agreement. They have filed a counterclaim for breach of contract.

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

Plaintiff brings the present motion seeking summary judgment on their second cause of action, for account stated in the amount of $745,500.45 against Defendants. Defendants oppose on the grounds that there are triable issues of fact. A party may be granted summary judgment on an account stated claim when they have made a showing that "it sent invoices, and defendant retained them without objection, with promises to make payment." *Anderson Kill, P.C. v. Board of Mgrs. of Honto 88 Condominium*, 192 A.D.3d 551, 551 (1st Dept. 2021). An account stated claim is independent of a breach of contract claim, because it concerns amounts that are due on

**651199/2024   GREATER SHIELD LLC, D/B/A/ GROUND SUPPORT SERVICES vs. NK 80 MAIDEN OWNER LLC ET AL**
**Motion No.  002**

**Page 2 of 4**

past transactions. *Aronson Mayefsky & Sloan, LLP v. Praeger*, 228 A.D.3d 182, 185 (1st Dept. 2024). Retaining the invoice without objecting within a reasonable time waives objections to the reasonableness of the fees in question. *Shaw v. Silver*, 95 A.D.3d 416, 416-17 (1st Dept. 2012).

Defendants allege through sworn affidavit that in April of 2023, a member of defendant NK 80 Maiden Owner, LLC called Plaintiff and complained that they were being overcharged and that in response, Plaintiff agreed to reduce the monthly rate and to reduce the balance owed by $150,000. That agreement was never finalized and ultimately, the contract ended. But Defendants do not allege that they objected to any of the particular invoices in question, simply the overall rate being charged by Plaintiff. Rather, they allege that they objected to the rate that Plaintiff was charging relative to other providers, which is not sufficient to defeat an account stated claim for invoices accepted. They also allege that the invoice amounts were increased over time at a rate higher than was permitted under the Agreement. But a claim for account stated is "an agreement, *independent of the underlying agreement*, as to the amount due on past transactions." *Federated Fire Protection Sys. Corp. v. 56 Leonard St., LLC*, 170 A.D.3d 432, 433 (1st Dept. 2019) (emphasis in original). This argument would be relevant for a breach of contract claim, and not an account stated claim.

Ultimately, for there to be a triable issue of fact here there must be evidence that Defendants objected to the Invoices within a reasonable time of having received them. Defendants have not offered evidence of this, but only evidence that towards the end of the period at issue and many months after they were current on the contract payments, they objected to the general rates charged for maintenance services by Plaintiff. Plaintiff, however, has offered emails where in November of 2022 Defendants acknowledge that they "have many invoices open with [Plaintiff]" and that the invoices were received by Defendants. Because Defendants

**651199/2024   GREATER SHIELD LLC, D/B/A/ GROUND SUPPORT SERVICES vs. NK 80 MAIDEN         Page 3 of 4
OWNER LLC ET AL
Motion No.  002**

3 of 4

did not object to the invoices in a reasonable time, their silence constitutes acceptance. Plaintiff has met their burden on an account stated claim.

Plaintiff also requests statutory interest on the $754,500.45 they say is owed as permitted under CPLR § 5001 and, pursuant to the Agreement, costs, disbursements, and attorneys' fees. However, as there remain unresolved causes of action in this matter, it is premature to determine damages. Accordingly, it is hereby

ADJUDGED that plaintiff's motion for summary judgment on the second cause of action is granted as against defendants NK 80 Maiden Owner LLC, Wassco LLC, and Maple 80 Maiden Minority Owner LLC.

20241219143441LFRANK6D46D7014B7B40EBB025AB0B998C7874

| **12/19/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **LYLE E. FRANK, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**651199/2024   GREATER SHIELD LLC, D/B/A/ GROUND SUPPORT SERVICES vs. NK 80 MAIDEN OWNER LLC ET AL**          **Page 4 of 4**
**Motion No.  002**

4 of 4

[* 4]